PEOPLE v CLARK

Docket No. 100769. Submitted June 7, 1988, at Lansing. Decided September 20, 1988.

Anthony E. Clark, a truck driver, failed to stop for a red light and was involved in an accident which resulted in the death of the driver of another vehicle. Following a jury trial in Lenawee Circuit Court, Clark was convicted of negligent homicide and sentenced to five years probation, with the first ninety days to be served in the county jail, Kenneth B. Glaser, J. Defendant appealed, contending that the trial court erred in ruling that evidence of the decedent's failure to wear a seat belt was inadmissible.

The Court of Appeals *held:*

The failure to wear a seat belt is not so substantial an act by a victim as to constitute an intervening cause which absolves a defendant from liability for negligent homicide. Therefore, evidence of nonuse of a seat belt by a victim is irrelevant in establishing the element of proximate cause in a prosecution of a defendant for the offense of negligent homicide. The trial court did not abuse its discretion by not allowing the evidence of the victim's nonuse of a seat belt into evidence.

Affirmed.

1. HOMICIDE — NEGLIGENT HOMICIDE.

Negligent homicide is the killing of a person through an act of ordinary negligence, an act which is otherwise noncriminal, which becomes criminal because the victim dies (MCL 750.324; MSA 28.556).

2. HOMICIDE — DEFENSES — INTERVENING CAUSES.

A death must be the natural and probable consequence of an unlawful act, and not the result of an independent intervening

REFERENCES

Am Jur 2d, Appeal and Error §§ 797 *et seq.*
Am Jur 2d, Automobiles and Highway Traffic § 602.
Am Jur 2d, Homicide §§ 13 *et seq.,* 91 *et seq.*
Automobile occupant's failure to use seat belt as contributory negligence. 92 ALR3d 9.

cause in which the accused does not participate and which he cannot foresee, in order to warrant a conviction for homicide; if it appears that it was not the act of the accused that was the proximate cause of the death for which he is being prosecuted but the act of another with which he was in no way connected and but for which death would not have occurred, such supervening cause is a good defense to the charge of homicide.

3. HOMICIDE — NEGLIGENT HOMICIDE — PROXIMATE CAUSE — INTERVENING CAUSES — JURY QUESTION.

The determination of proximate cause or of the existence of an independent intervening cause of death in a negligent homicide trial is an issue for the jury.

4. HOMICIDE — INTERVENING CAUSES — CONTRIBUTORY NEGLIGENCE.

A person who causes the death of another takes his victim as he finds him and cannot expect to be exonerated himself from criminal liability merely by arguing that the decedent's negligence was an intervening cause of death.

5. HOMICIDE — NEGLIGENT HOMICIDE — INTERVENING CAUSES — CONTRIBUTORY NEGLIGENCE.

A decedent's contributory negligence must be a substantial factor in the causing of his or her injury in order to constitute an intervening cause sufficient to exonerate a criminal defendant from the charge of negligent homicide.

6. HOMICIDE — NEGLIGENT HOMICIDE — AUTOMOBILE ACCIDENTS — FAILURE TO WEAR SEAT BELTS.

The failure to wear a seat belt is not so substantial an act by a victim of an automobile accident as to constitute an intervening cause of death which would absolve a defendant from liability for negligent homicide.

7. EVIDENCE — ADMISSION OF EVIDENCE.

A decision whether to admit certain evidence rests within the sound discretion of the trial court, and that decision will not be disturbed on appeal unless it is clearly erroneous or unless it constitutes an abuse of discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nathan Fairchild,* Prosecuting Attorney, and *Irving C. Shaw, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*John D. Baker,* for defendant.

Before: DANHOF, C.J., and SAWYER and D. R. FREEMAN,* JJ.

PER CURIAM. Defendant was convicted of negligent homicide, MCL 750.324; MSA 28.556, following a jury trial. He was sentenced to five years probation, with the first ninety days to be served in the county jail, and appeals as of right. We affirm.

Defendant was the driver of a semitrailer truck which was involved in a fatal accident at the intersection of US 223 and Treat Highway in Lenawee County. A review of the trial record indicates that, as defendant approached the intersection, the green traffic signal for US 223 changed to yellow. Defendant used his brakes in an effort to slow down and stop, but then accelerated and entered the intersection on a red light. It further indicates that the victim, in turn, entered the intersection immediately upon getting the green signal. Both defendant and the victim attempted evasive maneuvers immediately prior to the collision, but to no avail, as defendant's semitrailer truck collided with the victim's van.

At trial, testimony was given by the Michigan State Police trooper who investigated the accident. He testified that the victim had not been wearing a seat belt and that, upon the initial impact of the two vehicles, he had been thrown from the driver's seat across to the right side of the van and out of the passenger door window to a grassy area adjacent to the intersection. Testimony was further elicited from witnesses that the victim had struck his head on defendant's semitrailer truck as it went by, causing head injuries from which he eventually died.

Defendant contends that the trial court erred by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ruling that evidence of decedent's failure to wear a seat belt was inadmissible. We disagree. In deciding this case it is important to understand that the crime of negligent homicide is the killing of a person through an act of ordinary negligence, an act which is otherwise noncriminal, which becomes criminal because the victim dies. MCL 750.324; MSA 28.556. See also *People v Abramczyk,* 163 Mich App 473, 477; 415 NW2d 249 (1987) (SHEP-HERD, P.J., concurring in part and dissenting in part).

To warrant a conviction for homicide, the death must be the natural and probable consequences of the unlawful act and not the result of an independent intervening cause in which the accused does not participate and which he cannot foresee. If it appears that the act of the accused was not the proximate cause of the death for which he is being prosecuted, but that of another with which he was in no way connected and but for which death would not have occurred, such supervening cause is a good defense to the charge of homicide. See 40 Am Jur 2d, Homicide, § 17, pp 307-308.

The determination of proximate cause or of the existence of an independent intervening cause of death is an issue for the jury. The concept of an intervening cause is predicated upon foreseeability. A defendant takes his victim as he finds him and cannot expect to be exonerated himself from criminal liability merely by arguing that the decedent's negligence was an intervening cause. *People v Webb,* 163 Mich App 462, 464-465; 415 NW2d 9 (1987), citing *People v Flenon,* 42 Mich App 457, 461-462; 202 NW2d 471 (1972), lv den 388 Mich 801 (1972).

We therefore conclude that, to constitute an intervening cause sufficient to exonerate a criminal defendant from the charge of negligent homi-

cide, the decedent's contributory negligence must be a substantial factor in the causing of his or her injury.

Under the Michigan seat belt law, MCL 257.710e; MSA 9.2410(5), it is a civil infraction for the driver of an automobile to fail to wear a properly fastened and adjusted safety belt. Significantly, MCL 257.710e(5); MSA 9.2410(5)(5) provides:

> Failure to wear a safety belt in violation of this section may be considered evidence of negligence and may reduce the recovery for damages arising out of the ownership, maintenance, or operation of a motor vehicle. However, such negligence shall not reduce the recovery for damages by more that 5%.

The question raised by the parties in this case is whether the statute applies to criminal prosecutions, and if it does, is the comparative negligence implied by a violation of the statute significant enough to exonerate a defendant from a charge of negligent homicide.

The language of the seat belt statute makes it clear that it is not mandatory to consider a failure to wear a seat belt as evidence of negligence. Furthermore, the statute was intended to apply to civil cases only. The statute also shows that the Legislature intended to make the nonwearing of a seat belt a minor offense because failure to wear a seat belt is only a civil infraction, no points are awarded against the offender's drivers license, a violation is only enforced as secondary to an infraction of another section of the motor vehicle code, several types of motor vehicles are excluded from the statute, and any violation of the statute

*shall not* indicate more than five percent comparative negligence. MCL 257.710e; MSA 9.2410(5).

Therefore, the failure to wear a seat belt is not so substantial an act by a victim as to constitute an intervening cause which absolves a defendant from liability for negligent homicide. While evidence of the victim's failure to use a seat belt may be highly relevant in a civil case, the duty placed on drivers by the Legislature to wear seat belts is only slight. By the plain language of the statute itself, the nonuse of a seat belt is not a substantial cause of a person's death in a traffic accident. Had the victim been using his van for commercial purposes, he would not have violated the statute by not wearing a seat belt and defendant would have no argument about liability. MCL 257.710e(1)(g); MSA 9.2410(5)(1)(g). It is, therefore, irrelevant in establishing the element of proximate cause in a prosecution of a defendant for the offense of negligent homicide.

A decision whether to admit certain evidence rests within the sound discretion of the trial court, and that decision will not be disturbed on appeal unless it is clearly erroneous or unless it constitutes an abuse of discretion. *People v Golochowicz,* 413 Mich 298, 322; 319 NW2d 518 (1982). The trial court did not abuse its discretion by not allowing into evidence the fact that the victim was not wearing a seat belt at the time of the accident. Furthermore, the introduction of such evidence would have had a significant prejudicial effect of confusing and misleading a jury from the actual issues before it. We therefore conclude that the trial court did not commit error by excluding the evidence.

Affirmed.