MILLER v INGLIS

Docket No. 176855. Submitted June 5, 1996, at Detroit. Decided April 22, 1997, at 9:05 A.M.

Kathleen Miller, a Warren police officer, brought an action in the Macomb Circuit Court against Archibald S. Inglis, seeking damages for injuries she sustained when her marked patrol car was hit by an automobile driven by an allegedly intoxicated Inglis while the patrol car was stopped with its overhead lights and flashers on at the scene of an accident in Sterling Heights. Miller was traveling in Sterling Heights in the course of transporting a prisoner. The court, Raymond R. Cashen, J., granted summary disposition for Inglis, ruling the action barred by the fireman's rule. Miller appealed.

The Court of Appeals *held*:

1. The fireman's rule, subject to exceptions, bars a public safety officer such as a fire fighter or a police officer from recovering in tort for work-related injury deriving from the negligence causing the safety officer's presence and work-related injury stemming from the normal risks of the safety officer's profession.

2. Miller was engaged in a classic police function at the time of injury. The fireman's rule bars her action unless an exception to the rule applies.

3. An exception to the fireman's rule exists where the safety officer's injury is caused by a tortfeasor's wilful, wanton, or intentional misconduct. The intoxication of a motorist who injures a police officer does not automatically lead to a conclusion that the motorist has engaged in wilful and wanton misconduct, nor does it automatically preclude the possibility of wilful and wanton misconduct. The actions of the motorist must be examined to determine whether the driver knew of a situation requiring the exercise of ordinary care and diligence to avert injury to another, had the ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and failed to use such care and diligence to avert the threatened danger, when to the ordinary mind it would have been apparent that the result was likely to prove disastrous to another. Here, the trial court dismissed the case without considering whether the wilful, wanton, or intentional misconduct exception to the fireman's rule applies to this case. The order of sum-

mary disposition must be reversed and the case must be remanded for such consideration.

4. The fireman's rule, as an affirmative defense, must be pleaded in a party's responsive pleading. Here, Inglis' failure to raise the fireman's rule as an affirmative defense in his first responsive pleading does not constitute a waiver of the defense because Miller's complaint did not allege sufficient facts to put Inglis on notice that the fireman's rule might be applicable to this case.

Reversed and remanded.

NEGLIGENCE — FIREMAN'S RULE — EXCEPTIONS — WILFUL, WANTON, OR INTEN-
    TIONAL MISCONDUCT — INTOXICATED MOTORISTS.

A recovery in tort by a police officer injured in the course of employment by an intoxicated motorist is allowed under the wilful, wanton, or intentional misconduct exception to the fireman's rule where the following, with respect to the intoxicated motorist, are established: knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

*Peter J. Harrington*, for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark and Hampton* (by *Jeffrey L. Ver Beek*), for the defendant.

Before: GRIBBS, P.J., and SAAD and J. P. ADAIR*, JJ.

SAAD, J.

I

FACTS AND PROCEEDINGS BELOW

Defendants operated their respective vehicles while under the influence of alcohol, collided with plaintiff's police car, and injured plaintiff, a Warren police officer. The issue raised is whether an intoxicated driver who causes injury to a police officer is consid-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ered to have engaged in conduct that is sufficiently wilful and wanton to fall within the "wilful and wanton" exception to the "fireman's rule." Plaintiff settled with defendant Bock, and the trial court granted defendant Inglis' motion pursuant to MCR 2.116(C)(8) (failure to state a claim) for summary disposition based upon the fireman's rule. We reverse and remand in light of the wilful and wanton exception to the fireman's rule.

On February 7, 1992, plaintiff and her partner, both Warren police officers, transported a prisoner in a marked Warren police car, and, as they neared the intersection of 18½ Mile Road and Van Dyke in Sterling Heights, they saw a car accident that had just occurred. Because one of the cars involved in the accident had come to rest in the right lane, plaintiff stopped the police car in the right lane of southbound Van Dyke and activated the flashers and overhead lights so that the disabled car would not be struck again by other motorists. While her partner investigated the accident, plaintiff remained in the police car. Within minutes, both defendants, driving separate vehicles, rear-ended the police car. Both defendants were intoxicated. Plaintiff received serious injuries and filed suit against the two drivers.

Defendant Inglis filed a motion for summary disposition in which he asserted that plaintiff's action is barred pursuant to *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347; 415 NW2d 178 (1987), in which the Michigan Supreme Court adopted the fireman's rule. This rule provides that certain professionals, such as fire fighters and police officers, may *not* sue in tort for injuries sustained in the course of their employment. In opposition, plaintiff argued that

the fireman's rule was inapplicable in this case, for any or all of the following reasons: (1) she was outside her jurisdiction and thus was not acting in her official capacity at the time of the accident, (2) defendants failed to raise the fireman's rule as an affirmative defense, (3) she was not performing a "classic police function" at the time of the accident, and (4) the defendants, who were under the influence, were engaged in conduct constituting gross negligence, recklessness, or wilful and wanton behavior.

The circuit court granted defendant's motion for summary disposition and dismissed plaintiff's claim for failure to state a claim upon which relief could be granted. The court stated that, as a matter of public policy, fire fighters or police officers may not recover for injuries occasioned by the negligence (including those risks inherent in fulfillment of their duties) that caused their presence in their professional capacity. According to the trial court, a police officer does not escape the reach of the fireman's rule simply because the officer is outside the officer's jurisdiction, and rendering emergency aid to victims of an automobile accident raises risks inherent to a police officer's duties. Finally, the trial court held that, as a matter of law, the fact that defendants were intoxicated did not rise to the level of intentional wrongdoing that negates the fireman's rule. Plaintiff now appeals as of right.

II

THE FIREMAN'S RULE

Courts in many jurisdictions throughout the United States have adopted a common-law rule that bars public safety officials such as fire fighters and police

officers from suing tortfeasors for injuries sustained in the course of the public safety officer's employment. The "professional rescuer's rule,"[1] or "the fireman's rule" as it is called in Michigan, *Kreski, supra* at 357-358, is a creature of the common law and, as such, it has been defined and refined case by case. Courts have cited several reasons to justify the fireman's rule—these include the view that (1) rescue officers know the dangers of the job when they apply for it, (2) the purpose of the public safety profession is to confront danger, and (3) the public should not be held liable for damages for injuries that arise from the function that police officers and fire fighters are intended to fulfill.[2] *Kreski, supra* at 368; *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 86; 520 NW2d 633 (1994).

In 1992, the Michigan Supreme Court held that the fireman's rule bars recovery for two types of injury: "those deriving from the negligence causing the safety officer's presence and those stemming from the normal risks of the safety officer's profession." *Woods v City of Warren*, 439 Mich 186, 196; 482 NW2d 696 (1992). In *Woods*, the officer left his routine patrolling activities to pursue a stolen car down a nearby street and was injured when he collided with the stolen

---

[1] See, e.g., *Young v Sherwin-Williams Co, Inc*, 569 A2d 1173, 1175 (DC App, 1990).

[2] As *Kreski, supra* at 371-372, noted:

> Safety officers are employed, specially trained, and paid to confront dangerous situations for the protection of society. They enter their professions with the certain knowledge that their personal safety is at risk while on duty. . . . [I]njuries suffered by safety officers while in the course of their employment are compensable by workers' compensation, thereby spreading the cost and risk to the public.

vehicle. The Court found that the collision occurred while the officer was performing "a classic police function." *Id.* at 192. Therefore, although he had abandoned his patrol duties to pursue the stolen vehicle, recovery was nonetheless barred because he was engaged in one of a police officer's most common duties. *Id.* Cf. *Atkinson v Detroit*, 222 Mich App 7; 564 NW2d 473 (1997).

In *Stehlik, supra* at 87, a police officer was injured when the police motorcycle on which he was riding during his normal work hours, collided with a van owned by the defendant. This Court held that the second prong of the fireman's rule (barring recovery for injuries stemming from the normal risks of the safety officer's profession) precluded recovery, because the risk of a traffic accident is inherent in fulfilling the duties of a police officer:

> We recognize that the scope of the rule does not include all risks encountered by a safety officer, nor is the rule a license to act without regard for the well-being of the safety officer. *Kreski, supra,* p 372. The circumstances of this case, however, are that plaintiff was a traffic enforcement officer assigned to patrol the area in which he was hit and the accident occurred during his normal job hours. While it is true that this case does not involve injury during a high-speed chase (a classic police function), thereby invoking application of the fireman's rule, *Woods, supra,* p 192; *McGhee v Dep't of State Police,* 184 Mich App 484, 486-487; 459 NW2d 67 (1990), *the starting point is to consider the kind of duty involved,* and it was plaintiff's duty to patrol the Thirteenth Precinct on his police motorcycle for traffic violations. Therefore, although a safety officer may be able to recover for injuries suffered while merely on patrol under other circumstances, see *Woods, supra,* p 192, the circumstances of this case indicate that the injury stemmed

directly from this officer's police functions. *Id.*, p 193.
[*Stehlik, supra* at 87-88 (emphasis added).]

In light of this case law, we turn now to plaintiff's arguments.

### III

### ANALYSIS

Plaintiff first asserts that she was simply rendering assistance in the role of an ordinary citizen and was not acting in a "classic police function" at the time of the accident. Clearly, this is wrong. Plaintiff was on duty transporting a prisoner through another jurisdiction—the accident occurred during her working hours. Plaintiff activated the overhead lights and flashers on her patrol car when she pulled over, and her car was struck while she was assisting in clearing the scene. Under these circumstances, plaintiff was obviously engaged in a classic police function at the time of the accident. Accordingly, the fireman's rule precludes recovery, unless an exception applies.

Just as courts have refined the fireman's rule itself, they have also created a variety of exceptions to the rule. One exception, which plaintiff argues should apply here to permit her to sue, is the wilful, wanton, or intentional misconduct exception. This exception provides that a tortfeasor who intentionally harms a police officer or fire fighter should not benefit from the common-law bar. That is, a tortfeasor who acts wilfully and wantonly is so culpable that the fireman's rule ought not to preclude the injured officer from suing the egregiously culpable wrongdoer. *McAtee v Guthrie*, 182 Mich App 215; 451 NW2d 551 (1989). In *McAtee*, a police officer stopped the defendant's vehicle and, when the officer asked for the defendant's

driver's license, the defendant became uncooperative, verbally abusive, and refused to leave as requested. While the officer was attempting to handcuff the defendant, a struggle ensued and the officer sustained injuries to her nose. The Court held that because the officer's injuries were caused by the defendant's wilful and wanton, if not intentional, misconduct in resisting arrest, the defendant should not be shielded from civil liability by the fireman's rule. *Id.* See also *Wilde v Gilland*, 189 Mich App 553; 473 NW2d 718 (1991), where the plaintiff officer was injured during his pursuit of the defendant, who was resisting arrest.

The issue here is whether an intoxicated driver who causes injury to a police officer engaged in assisting at a prior accident site (which is unconnected with the intoxicated driver) has acted with sufficient wilfulness and wantonness to fall within the wilful and wanton exception to the fireman's rule. In *Jennings v Southwood*, 446 Mich 125; 521 NW2d 230 (1994), the Court reiterated the required elements for wilful and wanton misconduct: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. *Id.* at 137. The Court further stated the difference between a wilful act and a negligent act:

"If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness, rather than by inadvertence, it

transcends negligence—is different in kind." [*Id.* at 137-138, quoting *Gibbard v Cursan*, 225 Mich 311, 320; 196 NW 398 (1923).]

In light of this definition, we decline plaintiff's invitation to hold that any time an intoxicated defendant injures a police officer, the fact of intoxication alone automatically requires the conclusion that the defendant engaged in wilful and wanton misconduct. But we also reject the trial court's opposite holding that intoxication automatically precludes the possibility of finding wilful and wanton misconduct.[3] Rather, we hold that in light of the definitional language (wilful and wanton) in *McAtee* and *Wilde*, the behavior of some defendants who become intoxicated may be so reckless as to constitute wilful and wanton conduct sufficient to remove the bar of the fireman's rule and thereby allow a police officer to sue for injuries. Here, because the trial court dismissed the case before addressing this narrow issue, the record is insufficient to determine whether the conduct of these particular intoxicated defendants reached the requisite level of wilful and wanton misconduct to warrant application of this exception to the fireman's rule. We therefore reverse the trial court's grant of summary disposition and remand for a determination of whether defendant Inglis' actions constitute wilful

---

[3] One or more of the following factors could lead a court to conclude that the conduct was sufficiently wilful and wanton to preclude the litigation bar of the fireman's rule: the intoxicated driver-defendant (1) is a repeat offender, (2) drinks heavily but is sufficiently lucid to know he is driving while under the influence, or (3) drives recklessly in an area with lots of traffic in utter disregard of other motorists' safety. Cf. *People v Lardie*, 452 Mich 231, 251-253, 266-267; 551 NW2d 656 (1996) (discussing MCL 257.625[4]; MSA 9.2325[4] the statute relating to causing death by operating a vehicle while under the influence of intoxicating liquor).

and wanton conduct sufficient to qualify as an exception to the fireman's rule.

## IV

Plaintiff argues, alternatively, that the fireman's rule should not apply here, where it was not the negligence *of the intoxicated defendant* that created the reason for her presence at the accident scene. It is undisputed that plaintiff stopped at the accident site because of the accident, not because of the intoxicated defendants, who had not yet appeared. However, in light of our disposition above, we need not reach this argument.

## V

Plaintiff also argues that defendant waived the right to raise the fireman's rule as an affirmative defense, because he did not raise it in his first responsive pleading. Although this issue was raised by plaintiff in response to defendant's motion for summary disposition, it was not addressed by the circuit court and therefore it is not preserved for appeal. *Environair, Inc v Steelcase, Inc*, 190 Mich App 289, 295; 475 NW2d 366 (1991). However, because it is an issue of law, and all the necessary facts are before this Court, we will briefly address it. *Aetna Casualty & Surety Co v American Community Mutual Ins Co*, 199 Mich App 30, 34; 501 NW2d 174 (1993).

Pursuant to MCR 2.111(F)(3), immunity granted by law (such as the fireman's rule) is an affirmative defense that must be pleaded in a party's responsive pleading. However, pursuant to MCR 2.111(B)(1), a pleader must state specific allegations necessary to reasonably inform the adverse party of the nature of

the claims that the adverse party is called on to defend. *Dacon v Transue*, 441 Mich 315, 329; 490 NW2d 369 (1992). After reviewing the complaint, we do not believe that it alleged sufficient facts to put defendant on notice that a defense of immunity of law (the fireman's rule) might be applicable to this case. Plaintiff did not plead that she was a police officer, that the accident occurred while she was on duty, or that defendant acted in a wilful and wanton manner; the complaint alleges only negligence on the part of defendant. Since defendant did not learn of the applicability of the fireman's rule to this case until discovery was underway, we see no reason why leave to amend should not be given. See MCR 2.118(A)(2).

VI

In conclusion, we reverse the grant of summary disposition because (1) an intoxicated driver who causes injury to a police officer may have engaged in conduct that is sufficiently wilful and wanton to fall within the wilful and wanton exception to the fireman's rule, and (2) here, there is a factual dispute over whether the wilful and wanton exception to the fireman's rule might be applicable. We therefore remand for a determination of this issue.

Reversed and remanded. We do not retain jurisdiction.