HARRIS-FIELDS v SYZE (ON REHEARING)

Docket No. 199039. Submitted December 17, 1997, at Lansing. Decided
April 7, 1998, at 9:05 A.M.

On rehearing, the Court of Appeals *held*:

A majority of the justices of the Supreme Court in *Gibbons v
Caraway*, 455 Mich 314 (1997), recognized a limited exception to
the fireman's rule whereby the rule may not apply, and a tort action
may be maintained, when a police officer has responded to a call
or an offense and is injured as a result of the subsequent wanton,
reckless, or grossly negligent conduct of an independent third party
unconnected to the situation that brought the officer to the scene.
A majority of the justices does not agree that the bar of the fire-
man's rule can be avoided where, as in this case, only carelessness
or ordinary negligence is alleged on the part of the third party. The
trial court properly concluded that the plaintiff did not state a
claim that avoids the fireman's rule.

Affirmed.

NEGLIGENCE — POLICE OFFICERS — FIREMAN'S RULE — DAMAGES.

The fireman's rule does not bar a tort action against a third party by a
police officer who responded to a call or an offense and was
injured as a result of the subsequent wanton, reckless, or grossly
negligent conduct of the third party unconnected to the situation

that brought the officer to the scene; the bar of the fireman's rule cannot be avoided where the officer alleges only carelessness or ordinary negligence on the part of the third party unconnected to the event to which the officer was responding.

*William A. Worth, Jr.,* for the plaintiff.

*Conlin, McKenney & Philbrick, P.C.* (by *Joseph W. Phillips*), for the defendant.

ON REHEARING

Before: MacKENZIE, P.J., and HOOD and HOEKSTRA, JJ.

PER CURIAM. This case arises out of the death of Michigan State Police trooper Manuel Henry Fields. Plaintiff, the personal representative of Trooper Fields' estate, appeals as of right from the trial court's grant of summary disposition in favor of defendant. MCR 2.116(C)(8). We affirm. This case is being decided without oral argument pursuant to MCR 7.214(E).

Defendant struck and killed Trooper Fields as he was standing on the shoulder of I-94, near the driver's door of a vehicle that he had stopped for a traffic violation. Defendant subsequently pleaded no contest to a charge of negligent homicide, MCL 750.324; MSA 28.556. In this wrongful death action, plaintiff alleged that defendant was negligent in the operation of her motor vehicle and that this negligence caused the decedent's death. Defendant moved for summary disposition, asserting that plaintiff's action was barred by the fireman's rule. The circuit court agreed and dismissed the action.

The sole issue on appeal is whether the fireman's rule precludes plaintiff's cause of action against defendant for her negligence in causing the death of

Trooper Fields. The fireman's rule bars public safety officials such as fire fighters and police officers from suing private parties for injuries sustained in the course of the public safety officer's employment. *Miller v Inglis*, 223 Mich App 159, 162-163; 567 NW2d 253 (1997). The fundamental rationale behind the rule is that fire fighters and police officers are hired, specially trained, and paid to confront dangerous situations, and they enter their professions with the certain knowledge that their personal safety is at risk while on duty. *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347, 371-372; 415 NW2d 178 (1987).

The *Kreski* Court recognized that the fireman's rule is not a bright-line rule, but instead is subject to "fine tuning . . . to best balance the underlying rationales with the interest of allowing recovery when those rationales are not implicated." 429 Mich 371. *Gibbons v Caraway*, 455 Mich 314; 565 NW2d 663 (1997), represents the Court's most recent "fine tuning" of the rule. In *Gibbons*, the plaintiff police officer was directing traffic at the scene of an automobile accident when he was struck by a vehicle that swerved for an undetermined reason. The officer's suit against the driver, Caraway, alleged that Caraway operated the vehicle in a wanton, reckless, careless, negligent, or grossly negligent manner. In four separate opinions, a majority of the Court concluded that the fireman's rule should not be applied. In an opinion joined by Chief Justice MALLETT and Justice KELLY, Justice CAVANAGH concluded that when a police officer responds to an accident scene and is subsequently injured by a third party's "wanton, reckless, careless, negligent, or grossly negligent" conduct, the fireman's

rule may not serve as a bar to a tort action by the officer against the third party. 455 Mich 326. Because there was a factual dispute concerning the reason why Caraway swerved, Justice CAVANAGH declined to apply the fireman's rule. Justice BOYLE, joined by Justice BRICKLEY, concurred, but stated that "the fireman's rule does not bar a claim for damages for injuries caused by the subsequent wrongdoing of a third party uninvolved with the original act, where the wrongdoing resulted from wanton, reckless, or grossly negligent behavior." 455 Mich 329-330. Justice BOYLE's opinion specifically stated, that "[i]n regard to carelessness or ordinary negligence, however, the fireman's rule bars the claim." *Id.*, p 330. Justice WEAVER concurred in the result, but for the reason that application of the fireman's rule should be limited to premises liability cases. 455 Mich 334. Finally, Justice RILEY stated that the fireman's rule should apply to bar the officer's tort action because his injury stemmed directly from his police function. 455 Mich 339.

Reading Justice CAVANAGH's plurality opinion together with Justice BOYLE's concurrence, it is apparent that a majority of our Supreme Court agrees that the fireman's rule may not apply, and a tort action may be maintained, when a police officer has responded to a call or an offense and is injured as a result of the subsequent wanton, reckless, or grossly negligent conduct of an independent third party unconnected to the situation that brought the officer to the scene. A majority does *not* agree that where, as in this case, the plaintiff police officer's representative alleged only carelessness or ordinary negligence on the part of a third party unconnected to the event

to which the officer was responding, the bar of the fireman's rule can be avoided.

In this case, plaintiff has never alleged that Trooper Fields' death was the result of defendant's wanton, reckless, or grossly negligent operation of her vehicle. Further, the crime of which defendant was convicted in connection with Trooper Fields' death—negligent homicide—involves only ordinary negligence. *People v Clark*, 171 Mich App 656, 659; 431 NW2d 88 (1988). Under these circumstances, the limited exception to the fireman's rule recognized by a majority of the justices in *Gibbons*, *supra*, does not apply. The trial court therefore properly concluded that plaintiff's complaint did not state a claim that avoids the fireman's rule.

Affirmed.