Kelly, J.
 

 Plaintiff appeals as of right from an order entered by the trial court granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) or (10). On July 10, 1998, this Court reversed the decision of the trial court and remanded for further proceedings. On October 29, 1998, this Court granted rehearing and vacated the opinion. In its motion for rehearing, defendant asks this Court to consider its decision in
 
 McCaw v T & L Operations, Inc (On Remand),
 
 230 Mich App 413; 584 NW2d 363 (1998). Because of this Court’s recent decisions in
 
 Harris-Fields v Syze (On Rehearing),
 
 229 Mich App
 
 *220
 
 195; 581 NW2d 737 (1998), and
 
 McCaw, supra,
 
 we are compelled to affirm the lower court’s decision granting defendant’s motion for summary disposition. But for
 
 Harris-Fields
 
 and
 
 McCaw
 
 we would reverse. Because of the continued effect of Administrative Order No. 1994-4, as incorporated in MCR 7.215(H) we are bound by the precedential effect of the opinions in
 
 Harris-Fields
 
 and
 
 McCaw.
 

 In this case, plaintiff, a police officer, is seeking uninsured motorist benefits from defendant, his insurance company, as a result of injuries sustained after being hit by a car while attempting to effectuate an arrest. On appeal, plaintiff argues that summary disposition was improper because he presented sufficient evidence to establish that his cause of action was not barred by the application of the fireman’s rale.
 

 The fireman’s rule bars public safety officials such as firefighters and police officers from suing tortfeasors for injuries sustained in the course of the public safety officer’s employment.
 
 Woods v City of Warren,
 
 439 Mich 186, 190; 482 NW2d 696 (1992);
 
 Kreski v Modern Wholesale Electric Supply Co,
 
 429 Mich 347, 357-358; 415 NW2d 178 (1987);
 
 Miller v Inglis,
 
 223 Mich App 159, 162-163; 567 NW2d 253 (1997). The rule is a creature of common law and has been defined and refined case by case.
 
 Id.
 
 at 163. Typically, the public policy justifications behind the fireman’s rule are (1) rescue officers knew the dangers of the job when they applied for it, (2) the purpose of the public safety profession is to confront danger, and (3) the public should not be held liable for damages for injuries that arise from the function that police officers and firefighters are intended to fulfill.
 
 Id.
 
 See
 
 *221
 
 also
 
 Kreski, supra
 
 at 368;
 
 Stehlik v Johnson (On Rehearing),
 
 206 Mich App 83, 86; 520 NW2d 633 (1994).
 

 In
 
 Gibbons v Caraway,
 
 455 Mich 314, 322; 565 NW2d 663 (1997), the Supreme Court stated that several exceptions to the fireman’s rule have developed over the years. Citing
 
 Kreski, supra,
 
 the Court underscored that a “precise parameter of the rule” has not been established in Michigan and that public policy dictates a flexible approach should be taken in addressing different fact patterns as they are presented.
 
 Id.
 

 In
 
 Harris-Fields
 
 and
 
 McCaw
 
 the panels limited one of the exceptions referenced in
 
 Gibbons.
 
 The exception at issue exists where injury results from wanton, reckless, or grossly negligent behavior.
 
 Harris-Fields,
 
 supra at 197-198;
 
 McCaw, supra
 
 at 419. In the instant case, plaintiff was injured while attempting to lawfully arrest the driver of an automobile. While plaintiff was restraining the driver, the passenger attempted to leave the scene. In the process of fleeing the scene, the passenger slid over to the driver’s seat and attempted to drive off with the car. The passenger-turned-driver then first hit a patrol car parked in front of the suspect’s car, placed the car in reverse, and hit plaintiff and the patrol car parked behind the suspect’s car. The evidence on the record suggests that the passenger’s conduct was wilful and wanton. Plaintiff started this action seeking compensation from defendant, his insurance company, based on an uninsured motorist provision contained in the policy that he purchased. The insurance policy states in relevant part:
 

 
 *222
 
 We will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto. We will not pay any punitive or exemplary damages.
 

 The trial court granted defendant’s motion for summary disposition, reasoning that the fireman’s rule precludes recovery under these circumstances. In our now-vacated prior opinion in this matter, this panel stated that an exception to the fireman’s rale exists where the injury resulted from the wilful, wanton, or intentional misconduct of a tortfeasor.
 
 Henke v Allstate Ins Co,
 
 unpublished opinion per curium of the Court of Appeals, issued July 10, 1998 (Docket No. 202550). Consequently, this panel reversed the order granting summary disposition in favor of defendant and remanded the case for a determination whether the misconduct in question qualified under the wilful and wanton exception to the fireman’s rule.
 

 On April 7, 1998, the
 
 Harris-Fields
 
 decision was released for publication. On June 23, 1998, the
 
 McCaw
 
 decision was released for publication. Because this Court must follow the rule of law established by a prior published decision of this Court, we granted defendant’s motion for rehearing.
 
 [1]
 
 MCR 7.215(H);
 
 Neal v Oakwood Hosp Corp,
 
 226 Mich App 701, 714; 575 NW2d 68 (1997). In
 
 Harris-Fields, supra
 
 at 198, this Court held that the fireman’s rule
 
 *223
 
 does not preclude recovery by a police officer for injuries sustained as a result of the subsequent wrongdoing of a third party unconnected to the situation that brought the officer to the scene where the wrongdoing that caused injury to the police officer resulted from wanton, reckless, or grossly negligent behavior. The
 
 McCaw
 
 panel, while not relying on
 
 Harris-Fields,
 
 came to the same conclusion.
 
 McCaw, supra
 
 at 419.
 

 The decisions in
 
 Harris-Fields
 
 and
 
 McCaw
 
 were based in part on the interpretation of the
 
 Gibbons
 
 opinion authored by Justice Cavanagh and joined by Chief Justice Mallett and Justice Kelly, while read in conjunction with Justice Boyle’s concurrence in result joined by Justice Brickley. As stated in
 
 People v Sexton,
 
 458 Mich 43, 65; 580 NW2d 404 (1998), quoting
 
 People v Anderson,
 
 389 Mich 155, 170; 205 NW2d 461 (1973):
 

 “The clear rule in Michigan is that a majority of the Court must agree on a ground for decision in order to make that binding precedent for future cases. If there is merely a majority for a particular result, then the parties to the case are bound by the judgment but the case is not authority beyond the immediate parties.”
 

 Justice Boyle in her concurrence in
 
 Gibbons, supra
 
 at 329 stated:
 

 The fireman’s rule can fairly be limited to afford a cause of action for injuries sustained as a result of the alleged subsequent gross negligence of an independent third party unconnected to the situation that brought the officer to the scene.
 

 The concurrence went further in noting that this approach “limits the rationale of
 
 [Woods, supra.].” Id.
 
 
 *224
 
 This limitation is not found in Justice Cavanagh’s plurality opinion. Accordingly, although we disagree with the
 
 Harris-Fields
 
 and
 
 McCaw
 
 decisions, we are required to follow their precedent pursuant to MCR 7.215(H).
 

 In light of our affirming the trial court’s decision to grant summary disposition in favor of defendant on the basis of the application of the fireman’s rule, it is not necessary to address the remainder of plaintiff’s issues on appeal.
 

 Affirmed.
 

 [1]
 

 Because of the narrow time frame between decisions, and the inevitable delays that normally accompany circulation and approval, I accept responsibility for failing to catch the conflict and withdraw the prior opinion in this case, which I circulated June 9, 1998.