HARRIS-FIELDS v SYZE

Docket No. 112051. Decided September 28, 1999. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgments of the Court of Appeals and the circuit court and remanded the case to the circuit court for further proceedings.

Brenda Harris-Fields, as personal representative of the estate of Manuel H. Fields, deceased, brought an action in the Jackson Circuit Court against Harriet M. Syze, for the wrongful death of Mr. Fields. Mr. Fields, a state trooper, was struck and killed by a vehicle driven by Ms. Syze while standing on the shoulder of a highway near the driver's door of a vehicle that he had stopped for a traffic violation. The court, Charles A. Nelson, J., granted summary disposition for the defendant on the ground that the action was barred by the fireman's rule. After initially reversing, the Court of Appeals, MacKenzie, P.J., and Hood and Hoekstra, JJ., on rehearing, affirmed in an opinion per curiam. 229 Mich App 195 (1998) (Docket No. 199039). The plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Justices Brickley, Cavanagh, Kelly, Taylor, Corrigan, and Young, the Supreme Court *held*:

The fireman's rule does not bar an action where the alleged negligence of the defendant was unrelated to the events that brought the officer to the location where the injury occurred.

The basic principle of the fireman's rule is that recovery is barred for conduct that draws an officer to the location of an injury to perform the normal duties of the officer's work. However, where the officer's injury results from the subsequent negligence of the defendant, the rule does not bar recovery, i.e., where the allegedly negligent conduct of the defendant did not result in the officer's presence at the scene of the injury, the fireman's rule does not apply.

Chief Justice Weaver, concurring, stated that the fireman's rule should be limited to cases of premises liability; it should not have been extended beyond owners and occupiers of land. Such a limitation is consistent with the rule's original and most compelling purpose of preventing the imposition of an undue, unreasonable burden on possessors of land.

Reversed and remanded.

*William A. Worth, Jr.,* for the plaintiff-appellant.

*Conlin, McKenney & Philbrick, P.C.* (by *Joseph W. Phillips*), for the defendant-appellee.

PER CURIAM. The plaintiff's decedent was a Michigan State Police Trooper who was standing on the shoulder of a highway near the driver's door of a vehicle that he had stopped for a traffic violation. He was struck and killed by a vehicle driven by the defendant. Plaintiff brought this wrongful death action, alleging that the defendant had been negligent in the operation of her motor vehicle, and that this negligence caused the decedent's death.

Defendant moved for summary disposition, asserting that the action was barred by the fireman's rule.[1] The circuit court agreed and granted the motion.

After initially reversing, the Court of Appeals granted rehearing and affirmed the summary disposition for the defendant.[2]

We conclude that the fireman's rule does not bar an action in a case such as this in which the alleged negligence of the defendant was unrelated to the events that brought the officer to the location where the injury occurred. We reverse and remand for further proceedings.

---

[1] See, generally, *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347; 415 NW2d 178 (1987).

[2] 229 Mich App 195; 581 NW2d 737 (1998).

I

The facts of this case are tragic, but simple. On August 27, 1994, plaintiff's decedent, Manuel Fields, executed a traffic stop on I-94 in Jackson County. Both his patrol vehicle and the stopped car were on the shoulder of the highway. Trooper Fields was standing at the driver's door of the vehicle, also off the traveled portion of the highway, when a car driven by defendant Harriet Syze veered onto the shoulder, striking and killing him.[3]

Plaintiff filed a complaint in Jackson Circuit Court on March 26, 1996. It alleged that defendant breached a number of duties, all of which appear to sound in ordinary negligence (failure to operate the motor vehicle with due care and caution, failure to maintain control, etc.).

Defendant answered the complaint, raised an affirmative defense of the fireman's rule, and filed a motion for summary disposition on that ground. On October 17, 1996, the circuit court granted defendant's motion.

Plaintiff appealed of right to the Court of Appeals. That Court has issued two opinions. In the first it reversed and remanded for further proceedings in light of *Gibbons v Caraway*, 455 Mich 314; 565 NW2d 663 (1997).[4] However, defendant moved for rehearing, which the court granted. On rehearing, the panel reversed itself and affirmed the grant of summary disposition in favor of defendant.

---

[3] The record provides no explanation of why defendant Syze went onto the shoulder.

[4] Unpublished opinion per curiam, issued January 9, 1998 (Docket No. 199039).

Plaintiff has filed an application for leave to appeal to this Court.

II

The issue raised in this case involves the scope of and exceptions to the so-called fireman's rule, which we adopted in *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347; 415 NW2d 178 (1987). There, we noted that the rule is deeply rooted in the common law and that, when faced with a question whether to adopt it, courts have overwhelmingly been in favor of doing so. As we stated the general rule in *Kreski*:

> The fireman's rule is based on practicability and common sense. While the rule may have slightly different permutations among the states, its most basic formulation is that a fire fighter or police officer may not recover damages from a private party for negligence in the creation of the reason for the safety officer's presence. [429 Mich 358.]

The fact situations presented by the two cases decided in *Kreski* involved premises liability claims, out of which the fireman's rule originally developed. In adopting the rule, we made clear that the decision did not reach questions involving exceptions that have been developed in states employing a fireman's rule. We explained:

> As a result of examining the policy rationales supporting the fireman's rule, we are persuaded that considerations of fairness and public policy compel us to adopt the rule for Michigan. However, we must clarify that we are not attempting to delineate the precise parameters of the rule in this opinion. Several exceptions involving factual situations

not presented here have developed in the states employing a fireman's rule.

For example, the alleged acts and omissions in the instant cases all occurred prior to plaintiffs' arrivals. There are no allegations of wrongdoing or negligence after plaintiffs were on the scene. Further, neither plaintiff has alleged negligence rising to the level of wilful, wanton, or intentional misconduct. In both cases, the incidents took place when the premises were closed. Therefore, we are not presented with a situation in which the injuries occurred when the buildings were open to the public for business.

Next, the building owners or occupiers were not on the premises at the time of the incidents, or even alleged to have known of plaintiffs' presence. Thus, there are no allegations that the owners misled plaintiffs regarding the condition of the buildings or the nature of the activities carried on inside. Similarly, there is no allegation that defendants had a present ability to warn of danger on the premises. Neither are there allegations that the fire in *Kreski* was intentionally set or was the product of illegal activities.

All of these scenarios have been faced by courts in fine tuning their fireman's rules to best balance the underlying rationales with the interest of allowing recovery when those rationales are not implicated. By adopting a fireman's rule on the basis of public policy, we also will be able to flexibly address the different fact patterns as they are presented. [429 Mich at 370-371.]

Since *Kreski*, we have had occasion to address the fireman's rule on two other occasions. In *Woods v City of Warren*, 439 Mich 186; 482 NW2d 696 (1992), the plaintiff was a police officer who engaged in a high-speed chase of a stolen automobile. He was injured when his car hit a patch of ice and he lost control. He sued the city on the basis of the condition of the road. We held that the fireman's rule barred the action. The majority emphasized that the Court was proceeding on a case-by-case basis.

Our most recent decision to address the rule is *Gibbons v Caraway, supra.* It involved two cases, one of which was factually similar to the instant one.[5] Officer Gibbons was directing traffic at the scene of an automobile accident and was struck by a car driven by one of the defendants.[6] As in the instant case, the events that led to the officer's presence at the scene and the duties he was performing were unrelated to the alleged negligence causing the injury. In *Gibbons* the cause of the officer's presence was the accident; in the instant case it was the alleged traffic violation by the motorist whom Trooper Fields had stopped.

Though there was no majority opinion in *Gibbons*, six justices concluded that the fireman's rule did not preclude the plaintiff's action.[7]

Justice WEAVER said that the fireman's rule should be limited to premises liability cases, and thus was inapplicable.

Justice BOYLE, joined by Justice BRICKLEY, said that on the facts of the case the fireman's rule did not bar the claim for damages because the alleged wrongdoing causing the injury resulted from "wanton, reck-

---

[5] The other case, *Mariin v Fleur, Inc*, involved an off-duty police officer who was in a bar with friends. A man whom the officer had arrested several years before appeared, recognized the officer, threatened him, and grabbed him. The officer fell over a bar stool and injured himself. He sued the bar owner. All the justices agreed that the fireman's rule did not preclude the officer's lawsuit. He was off duty, and his arrest of the assailant had occurred years before the confrontation.

[6] We noted that the defendant swerved for an as yet undetermined reason, indicating that there was conflicting deposition testimony on that factual issue.

[7] Justice RILEY dissented. She would have held that the fireman's rule barred the action as long as the injury arose either from the negligence causing the safety officer's presence at the scene or from the normal risks of a safety officer's profession.

less, or grossly negligent behavior." 455 Mich 330. Justice BOYLE would have held that with respect to carelessness or ordinary negligence, the fireman's rule would bar the claim.

The plurality opinion was written by Justice CAVANAGH, who was joined by Chief Justice MALLETT and Justice KELLY. He reasoned as follows:

> In the case at bar, the risks inherent in Officer Gibbons' fulfillment of his police duties did not include all possible risks that could arise in that situation. Because "[t]he fireman's rule is not a license to act with impunity, without regard for the safety officer's well-being," *Kreski* at 372, the allegedly negligent operation of her automobile by defendant Caraway, *which occurred after Officer Gibbons was on the scene and which is alleged to have been wanton, reckless, careless, negligent, or grossly negligent,* precludes any ruling as a matter of law at this stage of the proceedings that Officer Gibbons' claims are barred by the fireman's rule. In light of the relevant principles underlying our adoption of the fireman's rule, we would hold that application of the rule under these circumstances is unjustified. [455 Mich 325-326 (emphasis added).][8]

---

[8] We remanded to the circuit court for further proceedings. The circuit court denied the defendant's motion for summary disposition. However, the Court of Appeals reversed in an order, stating:

> [T]he July 15, 1998 order of the Oakland Circuit Court is reversed and the case remanded for entry of an order granting defendants' motion for partial summary disposition. Although the Supreme Court's decision represents the law of the case, the meaning of that decision has been interpreted to exempt from the fireman's rule claims of wanton, reckless, or grossly negligent behavior only. Claims of ordinary negligence remain subject to the fireman's rule. *Harris-Fields v Syze (On Rehearing)*, 229 Mich App 195, 198-199; 581 NW2d 737 (1998), *McCaw v T & L Operations, Inc (On Remand)*, 230 Mich App 413; 584 NW2d 363 (1998) . . . . [Entered October 12, 1998 (Docket No. 213360).]

III

The Court of Appeals has issued two opinions in the instant case. The first is an unpublished per curiam opinion issued January 9, 1998. On appeal by plaintiff, it reversed, stating:

> In light of *Gibbons*, wherein the Court indicated that allegations that the defendant Caraway acted in a reckless, wanton, careless, negligent or grossly negligent manner when he swerved for an as-of-yet undetermined reason and struck a police officer standing in the roadway while directing traffic, were sufficient to preclude a conclusion "as a matter of law at this stage of the proceedings that Officer Gibbons' claims are barred by the fireman's rule," *Gibbons*, 455 Mich 326 (CAVANAGH, J.), plaintiff's allegations here that defendant traveled onto the shoulder of the roadway and struck plaintiff's decedent, who was standing on the shoulder, are sufficiently broad to preclude a determination at this point in the proceedings as a matter of law that defendant did not act negligently, carelessly, or recklessly when she struck plaintiff's decedent. Accordingly, because plaintiff's claim is not so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, summary disposition should not have been granted. *Ladd v Ford Consumer Finance Co, Inc*, 217 Mich App 119, 125; 550 NW2d 826 (1996). [Slip op, pp 1-2.]

Defendant moved for rehearing, which the Court granted in an order entered April 7, 1998. It then issued a new decision, reaching the opposite result, concluding that the fireman's rule barred the action. It interpreted *Gibbons* to require that to avoid the fireman's rule, defendant's conduct must be subsequent to the events that brought the officer to the scene and must constitute wanton, reckless, or grossly negligent behavior:

Reading Justice CAVANAGH's plurality opinion together with Justice BOYLE's concurrence, it is apparent that a majority of our Supreme Court agrees that the fireman's rule may not apply, and a tort action may be maintained, when a police officer has responded to a call or an offense and is injured as a result of the subsequent wanton, reckless, or grossly negligent conduct of an independent third party unconnected to the situation that brought the officer to the scene. A majority does not agree that where, as in this case, the plaintiff police officer's representative alleged only carelessness or ordinary negligence on the part of a third party unconnected to the event to which the officer was responding, the bar of the fireman's rule can be avoided.

In this case, plaintiff has never alleged that Trooper Fields' death was the result of defendant's wanton, reckless, or grossly negligent operation of her vehicle. Further, the crime of which defendant was convicted in connection with Trooper Fields' death—negligent homicide—involves only ordinary negligence. *People v Clark*, 171 Mich App 656, 659; 431 NW2d 88 (1988). Under these circumstances, the limited exception to the fireman's rule recognized by a majority of the justices in *Gibbons, supra,* does not apply. The trial court therefore properly concluded that plaintiff's complaint did not state a claim that avoids the fireman's rule. [229 Mich App 198-199.]

IV

Because of the allegations of gross negligence in *Gibbons*, it was not necessary for the plurality opinion to decide whether there were two separate exceptions to the fireman's rule involved—(1) subsequent ordinary negligence, and (2) grossly negligent behavior—or whether both are required. In the instant case, the plaintiff alleges negligence by the defendant, but does not state claims for reckless, wanton, or grossly negligent activity.

The basic principle of the fireman's rule is that recovery is barred for conduct that draws the officer to the location of the injury to perform the normal duties of the officer's work. *McCarthy v Ehrens*, 212 NJ Super 249, 255; 514 A2d 864 (1986):

> The core of the fireman's rule is that a citizen's ordinary negligence that occasioned the presence of the public safety officer shall not give rise to liability in damages for the injuries sustained by the officer in the course of the response to duty.

*Sutton v Shufelberger*, 31 Wash App 579, 587; 643 P2d 920 (1982):

> The so-called "fireman's rule" negates liability to the fireman, police officer or other official by the one whose negligence or conduct brought the injured official to the scene. The rule denies recovery by the injured official from the one whose sole connection with the injury is that his act placed the fireman or police officer in harms way.

However, where the officer's injury results from the subsequent negligence of the defendant, the rule does not bar recovery. E.g., *Garcia v South Tucson*, 131 Ariz 315; 640 P2d 1117 (Ariz App, 1981); *Spargur v Park*, 128 Cal App 3d 469; 180 Cal Rptr 257 (1982).

In the specific circumstances of the instant case, in which the officer has stopped one motorist for a traffic violation and then is injured by the allegedly negligent conduct of a second motorist, the courts of a number of jurisdictions have concluded that the fireman's rule does not bar the action. *Gaither v Metropolitan Atlanta Rapid Transit Authority*, 235 Ga App 603; 510 SE2d 342 (1998); *Benefiel v Walker*, 244 Va 488; 422 SE2d 773 (1992). As the California Supreme

Court said in *Walters v Sloan*, 20 Cal 3d 199, 202, n 2; 142 Cal Rptr 152; 571 P2d 609 (1977):

> Other negligent conduct or willful misconduct may create liability to the injured fireman or policeman. . . . Thus a police officer who while placing a ticket on an illegally parked car is struck by a speeding vehicle may maintain action against the speeder but the rule bars recovery against the owner of the parked car for negligent parking.

We agree with the reasoning of these cases, and hold that where the allegedly negligent conduct of the defendant did not result in the officer's presence at the scene of the injury,[9] the fireman's rule does not apply.

Our conclusion is reinforced by the principle of comity between the branches of government. The Legislature recently enacted a statute significantly modifying the law with regard to the fireman's rule. 1998 PA 389, MCL 600.2965-600.2967; MSA 27A.2965-27A.2967. The statute is not applicable to this case.[10] However, the result we reach in this case is consistent with the statute,[11] and thus promotes consistency

---

[9] Most commonly, the defendant's alleged negligence occurs after the events that brought the officer or firefighter to the scene, hence the references in some cases to "subsequent" negligence. See, e.g., *McCarthy v Ehrens, supra*, 212 NJ Super 255. However, there may be instances in which the alleged independent negligence occurred earlier.

[10] The bill, which had been given immediate effect, was approved by the Governor on November 25, 1998, and filed with the Secretary of State on November 30, 1998. It provides that the new provisions, "do not apply to a cause of action arising before the effective date of this amendatory act."

[11] MCL 600.2965; MSA 27A.2965 says that the fireman's rule is "abolished":

> The common law doctrine that precludes a firefighter or police officer from recovering damages for injuries arising from the nor-

mal, inherent, and foreseeable risks of his or her profession is abolished.

However, the remaining sections of the statute, spelling out the circumstances in which a firefighter or police officer can recover, create a set of principles very much like the common-law doctrine, with the exceptions that have been recognized in other jurisdictions. As applicable to a case like the instant one, MCL 600.2967; MSA 27A.2967 provides:

> (1) Except as provided in section 2966, a firefighter or police officer who seeks to recover damages for injury or death arising from the normal, inherent, and foreseeable risks of his or her profession while acting in his or her official capacity must prove that 1 or more of the following circumstances are present:

> \*    \*    \*

> (c) An injury or resulting death that is a basis for the cause of action was caused by a person's ordinary negligence and all of the following are true:
> (i) The negligent person is not someone whose act or omission resulted in the firefighter's or police officer's presence at the place where the injury occurred; or the person is someone whose act or omission resulted in the firefighter's or police officer's presence at the place where the injury occurred and the action is based on an act by that person that occurred after the firefighter or police officer arrived at the place where the injury occurred.
> (ii) The negligent person is not someone from whom the firefighter or police officer had sought or obtained assistance or is not an owner or tenant of the property from where the firefighter or police officer sought or obtained assistance.
> (iii) The negligent person is not someone who is an owner or tenant of the property that the firefighter or police officer was on in his or her official capacity; or the person is someone who is an owner or tenant of the property that the firefighter or police officer was on in his or her official capacity and the action is based on an act by that person that occurred after the firefighter or police officer arrived at the place where the injury occurred.
> (iv) The firefighter or police officer was engaged in 1 or more of the following:
> (A) Operating, or riding in or on, a motor vehicle that is being operated in conformity with the laws applicable to the general public.
> (B) An act involving the legally required or authorized duties of the profession that did not substantially increase the likelihood of the resulting death or injury. The court shall not consider the firefighter or police officer to have been engaged in an act that substantially increased the likelihood of death or injury if the injury

in resolution of cases arising before and after its effective date.

Accordingly, pursuant to MCR 7.302(F)(1), we reverse the April 7, 1998, judgment of the Court of Appeals and the judgment of the Jackson Circuit Court, and remand this case to the Jackson Circuit Court for further proceedings consistent with this opinion.

BRICKLEY, CAVANAGH, KELLY, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.

WEAVER, C.J. I concur with the result of the majority opinion. As I stated in my concurrence in *Gibbons v Caraway*, 455 Mich 314; 565 NW2d 663 (1997),[1] I believe the fireman's rule should be limited to cases of premises liability. This rule was created because firefighter and police entering private property do not fit the characteristics of licensees, invitees, or trespassers. They often enter land not open to the public, at unexpected times and places, mandated by emergencies that have produced unforeseen conditions that might pose additional risks to their health and safety. The rule should not have been extended beyond the owners and occupiers of land.

As I stated in *Gibbons*, I believe such a limitation is consistent with the fireman's rule's original and most compelling purpose of preventing the imposition of

---

occurred within a highway right-of-way, if there was emergency lighting activated at the scene, and if the firefighter or police officer was engaged in emergency medical services, accessing a fire hydrant, traffic control, motorist assistance, or a traffic stop for a possible violation of law.

[1] I note that the case before us arose before the effective date of 1998 PA 389, MCL 600.2965-600.2967; MSA 27A.2965-27A.2967, and must therefore be decided under the then-existing provisions of the common law.

an undue, unreasonable burden on possessors of
land. Therefore, I concur in the opinion's result.