# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANGELO PIERCE,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2015

No. 316920
Wayne Circuit Court
LC No. 12-008955-FC

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of second-degree murder, MCL 750.317, for which he was sentenced to 15 to 25 years in prison. We affirm.

This case arises from a death that occurred on July 15, 2012, in Detroit, Michigan. Detroit Police Officers Lamont Williams and Chad Smith responded to a hotel room where they met with defendant. Medics on the scene informed the officers that a woman was deceased. Officers testified that defendant told them the woman was his girlfriend, Cynthia Johnson. Defendant stated that he called 911 to report that Johnson was unresponsive. He said that Johnson was a diabetic who used heroin and possibly crack cocaine.

The officers testified that defendant told them that he argued with Johnson because he believed Johnson gave him a sexually transmitted disease. He acknowledged that the argument led to physical fighting. Defendant stated that Johnson initiated the fight, striking him with her fist and then with a half of a clothes-hanging rod which the couple had broken out of the closet during a previous altercation. In response, defendant picked up the other half of the rod and struck Johnson once in self-defense. He acknowledged additional physical fighting, but contended that he and Johnson then made up. Defendant then explained to officers that during the night, Johnson appeared to suffer convulsions, and fell out of the bed twice. According to the account defendant gave police, Johnson appeared to hit her head during the second fall and she did not try to get back up. Defendant threw water on Johnson and attempted CPR, but she did not respond. He then called 911 and dressed Johnson before the medics arrived. Defendant stated that he was drinking and using drugs during the evening, but did not specify the type of drugs or state whether Johnson was also using drugs on that night.

The homicide detective and evidence technician who responded to the scene testified that Johnson had significant bruising, cuts, lacerations and wounds all over her body. Police took the

broken closet-rod into evidence along with a knife blade found next to the window ledge. Smith testified that the twin bed in which defendant claimed he and Johnson slept had no side-railing.

Assistant Wayne County Medical Examiner Dr. Vaneesh Gupta performed an autopsy on Johnson's body and testified as an expert in the field of forensic pathology. He estimated that Johnson died anywhere from 6 to 24 or more hours before the examination.

Gupta testified that Johnson sustained multiple blunt-force injuries on her face, head, chest, abdomen, all four limbs, and back. Gupta also described photos of the inside of Johnson's chest cavity showing broken ribs on the right side and lacerations to the liver and kidney, which bled internally. Gupta stated that the rib fractures could have occurred hours or days before the autopsy.

Gupta concluded that Johnson's death was a homicide caused by blunt-force injuries. The fatal injuries were the lacerations to the liver and kidney caused by the broken ribs. Gupta pointed to a "bluish contusion" on the side of Johnson's chest that corresponded to the fractured ribs and injured internal organs. Gupta believed the manner of death was homicide because of the different sizes and ages of the other nonfatal injuries, the rib fractures, and defendant's admission of hitting Johnson. Gupta acknowledged that two accidental falls from a bed could create a blunt-force impact sufficient to fracture the ribs, but stated that homicide through a "battery of forces" inflicted on Johnson's body was more likely in light of the circumstances. Though he was unaware of Johnson's diabetes at the time of the autopsy, Gupta testified that his findings regarding the cause and manner of death would not change even accounting for Johnson's diabetic condition and possible prior drug use.[1]

On appeal, defendant argues that the evidence was insufficient to show that Johnson's death was a homicide rather than an accident. We disagree.

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 175-176; 804 NW2d 757 (2010). This Court reviews the evidence in a light most favorable to the prosecution to determine whether a rational jury could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

To establish second-degree murder, the prosecution must prove (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without lawful justification or excuse for causing the death. MCL 750.317; *People v Smith*, 478 Mich 64, 70; 731 NW2d 411 (2007). Defendant argues that there was insufficient evidence of causation.

To warrant a homicide conviction, the defendant's actions must have proximately caused the victim's death. *People v Bowles*, 234 Mich App 345, 349-350; 594 NW2d 100 (1999), citing *People v Clark*, 171 Mich App 656, 659; 431 NW2d 88 (1988). However, the defendant's conduct need not be the only proximate cause. "[I]t is not necessary that the party convicted of a crime be the sole cause of that harm, only that he be a contributory cause that was a substantial

---

[1] A toxicology screen of Johnson's blood showed no detectable evidence of drug or alcohol use.

factor in producing the harm. The criminal law does not require that there be but one proximate cause of harm found. Quite the contrary, all acts that proximately cause the harm are recognized by law." *People v Bailey*, 451 Mich 657, 676; 549 NW2d 325 (1996). An intervening act between the defendant's conduct and the harm to the victim will only sever the defendant's criminal liability "where the intervening act is the sole cause of the harm." *Id*. at 677.

Sufficient evidence was presented to enable a rational trier of fact to determine beyond a reasonable doubt that defendant's conduct caused Johnson's death and that the manner of death was a homicide. Gupta testified as an expert pathologist that Johnson's death was a homicide caused by blunt-force injuries. The fatal injuries were lacerations to the liver and kidney caused by Johnson's fractured ribs. The prosecution presented autopsy photographs depicting the many bruises, contusions, abrasions, and lacerations covering Johnson's body. Gupta explained that those marks resulted from the application of blunt-force trauma, and pointed out the specific contusion corresponding to the broken ribs and the damaged internal organs.

Defendant argues that the causation evidence was insufficient because Gupta acknowledged that Johnson could have broken her ribs falling out of bed. Officers testified, however, that defendant admitted he had a physical altercation with Johnson and that he struck her with the closet rod. Based on defendant's admission, as well as the different ages and sizes of Johnson's wounds, Gupta stated that the fatal rib fracture was more likely caused by the application of a "battery of forces" to Johnson's body rather than an accidental fall. The jury was free to credit Gupta's opinion over defendant's assertion that Johnson merely fell off the bed. Conflicts in the evidence are for the factfinder to resolve, and the jury was "free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). This Court will not reassess credibility determinations or the inferences drawn therefrom on appeal. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002); *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992).

Viewed in a light most favorable to the prosecution, the evidence was sufficient for the jury to conclude that the elements of second-degree murder were proven beyond a reasonable doubt.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause