McCAW v T & L OPERATIONS, INC (ON SECOND REMAND)

Docket No. 206722. Submitted March 17, 2000, at Lansing. Decided August 25, 2000, at 9:05 A.M.

Daniel T. and Toni McCaw brought an action in the Oakland Circuit Court against T & L Operations, Inc., and Michael K. Williams, seeking damages for injuries sustained when Daniel McCaw (hereafter plaintiff), a police officer, was attacked by Williams at Williams' house when the plaintiff was dispatched to investigate a reported stabbing at the house. The claim against Williams, who admitted that he was not sober during the altercation with the plaintiff, was based on negligence, and a default was subsequently entered against him. The claim against T & L Operations (hereafter defendant) was based on the defendant's alleged violation of the dramshop act for having served alcohol to Williams on the day of the incident when Williams was both underage and visibly intoxicated. The trial court, David F. Breck, J., denied the defendant's motion for summary disposition that alleged that the claim was barred by the fireman's rule. A jury returned a verdict for the plaintiffs, and the court entered orders granting a judgment consistent with the verdict and awarding the plaintiffs costs and attorney fees. The defendant appealed. The Court of Appeals held that the plaintiff's claim was barred by the fireman's rule, reversed the order granting the judgment for the plaintiffs, and reversed the order awarding the plaintiffs costs and attorney fees. 217 Mich App 181 (1996). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of the Supreme Court's decision in the consolidated cases *Gibbons v Caraway* and *Mariin v Fleur, Inc,* 455 Mich 314 (1997). 456 Mich 870 (1997). On remand, the Court of Appeals again found the claim barred by the fireman's rule and reversed. 230 Mich App 413 (1998) (WHITE, J., dissenting). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of its decision in *Harris-Fields v Syze,* 461 Mich 188 (1999). 461 Mich 960 (2000). The Supreme Court also ordered the Court of Appeals to consider the significance of the facts that the conduct of the defendant occurred before the events that brought the plaintiff to the place where the injury occurred and that the alleged liability of the defendant is

based on the dramshop act rather than common-law negligence principles.

On second remand, the Court of Appeals *held*:

1. The holding in *Harris-Fields*, that the common-law defense of the fireman's rule does not bar an action where the alleged negligence of the defendant was unrelated to the events that brought the officer to the location where the injury occurred, requires the affirmance of the jury verdict in this matter because the defendant's alleged violation of the dramshop act was entirely independent of the situation that led to the plaintiff's presence at the site of the injury.

2. The fireman's rule does not relieve the defendant from statutory liability under the dramshop act in this case.

Affirmed.

NEGLIGENCE — POLICE OFFICERS — FIREMAN'S RULE.

The common-law defense of the fireman's rule does not bar an action where the alleged negligence of the defendant was unrelated to the events that brought the officer to the location where the injury occurred.

*Raymond L. Krell, P.C.* (by *Derek A. Hurt*), for the plaintiffs.

*Kallas & Henk, P.C.* (by *Edward J. Lee*), for T & L Operations, Inc.

ON SECOND REMAND

Before: CAVANAGH, P.J., and WHITE and WILDER, JJ.

CAVANAGH, P.J. This case is before us for the third time. In our first decision, we concluded that plaintiff Daniel McCaw's[1] claim was barred by the fireman's rule and reversed. *McCaw v T & L Operations, Inc,* 217 Mich App 181; 550 NW2d 852 (1996).    The

---

[1] Toni McCaw, Daniel McCaw's wife, joins him as a plaintiff. Because her loss of consortium claim is derivative and dependent on her husband's claim, and to avoid confusion, we will refer only to Daniel McCaw as plaintiff.

Supreme Court, in lieu of granting leave to appeal, remanded the case for reconsideration in light of its plurality decision in the consolidated cases *Gibbons v Caraway,* and *Mariin v Fleur, Inc,* 455 Mich 314; 565 NW2d 663 (1997). *McCaw v T & L Operations, Inc,* 456 Mich 870 (1997). On remand, we again reversed. *McCaw v T & L Operations, Inc (On Remand),* 230 Mich App 413; 584 NW2d 363 (1998) (WHITE, J., dissenting). The Supreme Court, in lieu of granting leave to appeal, has once more remanded the case to this Court, this time for reconsideration in light of *Harris-Fields v Syze,* 461 Mich 188; 600 NW2d 611 (1999).[2] We now affirm.

The facts of this case were set forth in our first opinion in this case:

> Plaintiff Daniel McCaw is a police officer with the Waterford Township Police Department. During the evening of August 31, 1991, plaintiff was dispatched to investigate a reported stabbing at a house on Hira Street. When plaintiff arrived at the residence, he saw a man lying on the front lawn and realized that the man had been stabbed. A man, later identified as Michael Williams, came out on the porch. Because of Williams' behavior, slurred speech, and bloodshot, glassy eyes, plaintiff realized that he was under the influence of alcohol. Williams told plaintiff that he had called the police. When plaintiff attempted to question Williams about the stabbing, Williams became agitated and began to yell at plaintiff. Williams told plaintiff to leave, but plaintiff refused. Williams then informed plaintiff that he was going to leave. Plaintiff stepped in front of Williams to prevent him from departing. Williams began to attack plaintiff. During the ensuing scuffle, Williams struck plaintiff in the face. As a result of this incident, plaintiff suffers from blurred peripheral vision, tinnitus, and an injury to his jaw.

---

[2] *McCaw v T & L Operations, Inc,* 461 Mich 960 (2000).

At trial, Williams testified that on August 31, 1991, he was nineteen years old. On that day, he began drinking beer around 3:00 P.M. Around 6:00 P.M., Williams and two friends, Jeff Morgan and Tim Smith, went to the Dixie Bar. At the bar, the three men shared several pitchers of beer and consumed three to five B-52 shots. Williams testified that he was feeling drunk while in the bar. After the men left the bar, Morgan and Smith began to argue. When the men arrived at Williams' house, Williams went inside and fell asleep or passed out. After Williams awoke, Morgan told him that he had stabbed Smith. Williams then called 911. Williams stated that he was not sober during the altercation with plaintiff.

On February 8, 1993, plaintiff filed suit against Williams and the owner and operator of the Dixie Bar, T & L Operations, Inc. (hereafter defendant), to recover for the injuries suffered in the incident. The claim against Williams was based on negligence and alleged that Williams acted in a "wilful, wanton and reckless manner." The claim against defendant was based on multiple violations of the dramshop act, MCL 436.22; MSA 18.993. Specifically, plaintiff alleged that defendant served alcohol to Williams when the latter was both underage and visibly intoxicated.

\*     \*     \*

On July 21, 1994, a default was entered against Williams. Williams participated in the subsequent trial only as a witness and is not involved in this appeal.

Soon after, the case was tried before a jury. After the close of plaintiff's proofs, defendant moved for a directed verdict on the basis that the fireman's rule barred plaintiff's claim and because plaintiff failed to show that the dramshop violation was a proximate cause of plaintiff's injuries. The trial court denied the motion as it related to the fireman's rule and allowed plaintiff to recall Williams to establish the element of proximate cause. On August 1, 1994, the jury returned a verdict for plaintiff. Plaintiff was awarded $121,689.89, and plaintiff's wife was awarded $25,000 for her loss of consortium claim. The trial court later granted plaintiff's motion for an award of costs and attorney fees

and denied defendant's motion for judgment notwithstanding the verdict. [*McCaw*, 217 Mich App 183-185.]

In *Harris-Fields*, a state trooper was killed by a vehicle driven by the defendant as the trooper stood on the shoulder of a highway near a car that he had stopped for a traffic violation. The plaintiff, as personal representative of the decedent's estate, filed a complaint alleging negligence; however, both the trial court and this Court held that the defendant was entitled to summary disposition on the basis of the fireman's rule. *Harris-Fields v Syze (On Remand)*, 229 Mich App 195; 581 NW2d 737 (1998). In reversing in *Harris-Fields*, the Supreme Court held that, where the allegedly negligent conduct of the defendant did not result in the trooper's presence at the scene of the injury, the fireman's rule does not apply. *Harris-Fields*, 461 Mich 198.

In the present case, plaintiff was injured after he responded to a report of a stabbing and was attacked by Williams at the scene. Plaintiff's claim against defendant, however, is based on the allegation that defendant served alcohol to Williams when the latter was both underage and visibly intoxicated. In other words, defendant's alleged violation of the dramshop act was entirely independent of the situation that led to plaintiff's presence at the site of the injury. Pursuant to *Harris-Fields*, because defendant's conduct was not the impetus for plaintiff's arrival at the scene, the fireman's rule does not apply. See *id*. Accordingly, we affirm the jury verdict.

Further, in response to the Supreme Court's order of remand, we conclude that the fireman's rule does not relieve defendant from statutory liability under the dramshop act in this case.

Our decision here concerns only the common-law defense of the fireman's rule and therefore will have limited applicability, because the Legislature recently modified the fireman's rule and set forth the parameters for a safety officer's recovery of damages for an injury or death that was sustained while he was acting in his official capacity and that arose from the normal, inherent, and foreseeable risks of his profession. See MCL 600.2965-600.2967; MSA 27A.2965-27A.2967. However, we note that the result that we have reached is consistent with the new legislative enactment.[3]

Affirmed.

---

[3] MCL 600.2967(1)(c)(i); MSA 27A.2967(1)(c)(i), effective November 30, 1998, provides that, in order to recover damages for an injury or death that was caused by ordinary negligence and that arose from the normal, foreseeable risks of his profession, a safety officer must prove that

[t]he negligent person is not someone whose act or omission resulted in the firefighter's or police officer's presence at the place where the injury occurred; or the person is someone whose act or omission resulted in the firefighter's or police officer's presence at the place where the injury occurred and the action is based on an act by that person that occurred after the firefighter or police officer arrived at the place where the injury occurred.