TULL v WTF, INC

Docket No. 252683. Submitted July 7, 2005, at Detroit. Decided August 30, 2005, at 9:10 a.m. Leave to appeal sought.

Francis Tull, a police officer, brought a dramshop action in the Genesee Circuit Court against WTF, Inc., and Ricky J. Rolland, seeking damages for injuries he allegedly sustained while responding to a call from the manager of WTF's bar about Rolland's disruptive behavior as a bar patron when an allegedly visibly intoxicated Rolland resisted Tull's efforts to arrest Rolland. The court, Archie L. Hayman, J., granted summary disposition for WTF, ruling that the claim against WTF is precluded by the firefighters' rule, MCL 600.2967. The plaintiff appealed by leave granted.

The Court of Appeals held:

Because the plaintiff's dramshop action is a right or remedy otherwise provided by statute, the trial court erroneously applied the firefighters' rule, MCL 600.2967, to bar the plaintiff's claim under the dramshop act, MCL 436.1901.

In general, the firefighters' rule waives the duty of care that third parties owe safety officers, subject to several exceptions, one of which is where there is another right, remedy, procedure, or limitation of action that is otherwise provided by statute or the common law. A dramshop action is a right or remedy that is otherwise provided by statute. The limitations in the firefighters' rule that limit tort actions relative to negligence and intentional tort do not affect the plaintiff's statutory dramshop action. An action under the dramshop act falls outside the parameters of MCL 600.2967(1) and is preserved by MCL 600.2967(2). Because the general waiver of the duty of care toward safety officers is limited by subsection 1, but obviated by a cause of action otherwise provided by statute in subsection 2, the trial court erred in ruling that the plaintiff's dramshop action was precluded by the firefighters' rule.

Reversed and remanded for further proceedings.

NEGLIGENCE — PUBLIC SAFETY OFFICERS — FIREFIGHTERS' RULE — DRAMSHOP
  ACTIONS.

  The statutory defense of the firefighters' rule to injury claims by
  public safety officers does not bar an action under the dramshop
  act because the dramshop act is a right or remedy otherwise
  provided by statute that obviates- the waiver of negligence
  liability under the firefighters' rule (MCL 436.1801, 600.2967).

*Charles L. McCarter* and *John J. Kalo* for Francis Tull.

*Thomas M. Tupper* for WTF, Inc.

Before: NEFF, P.J., and SMOLENSKI and TALBOT, JJ.

TALBOT, J. Plaintiff appeals by leave granted the trial
court's order of summary disposition in favor of defen-
dant WTF, Inc. The trial court's order was based on its
finding that plaintiff's claim under the dramshop act
was precluded by the "firefighters' rule," MCL
600.2967. We reverse.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a Genesee Township police officer. WTF
operates the J.J. Shakers bar in Genesee Township. On
February 2 and 3, 2001, employees at the bar allegedly
continued to serve alcohol to Ricky Joe Rolland, a
patron, after he became visibly intoxicated. Rolland
became abusive and threatening to the patrons and
employees in the bar, and got into a fight with another
patron. The bar's manager notified the Genesee Town-
ship police. The police arrested Rolland and placed him
in the back seat of a patrol car, where he remained
combative and aggressive. Plaintiff and another officer
feared that Rolland would injure himself or damage the
patrol car, so they decided to remove him from the car
and shackle his legs. As the officers were shackling his

legs, Rolland kicked plaintiff repeatedly in the knee, injuring him.[1]

Plaintiff seeks relief under the dramshop act, MCL 436.1801, which provides, in pertinent part:

> (3) Except as otherwise provided in this section, an individual who suffers damage or who is personally injured by a minor or visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of alcoholic liquor to the minor or visibly intoxicated person, if the unlawful sale is proven to be a proximate cause of the damage, injury, or death, or the spouse, child, parent, or guardian of that individual, shall have a right of action in his or her name against the person who by selling, giving, or furnishing the alcoholic liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the damage, injury, or death. In an action pursuant to this section, the plaintiff shall have the right to recover actual damages in a sum of not less than $50.00 in each case in which the court or jury determines that intoxication was a proximate cause of the damage, injury, or death.

> \* \* \*

> (10) This section provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor.

> (11) Except as otherwise provided for under this section and section 815, a civil action under subsection (3) against a retail licensee shall be subject to the revised judicature act of 1961, 1961 PA 236, MCL 600.101 to 600.9947.

At issue is whether, or in what circumstances, the "firefighters' rule" of the Revised Judicature Act, MCL

---

[1] The present appeal involves only plaintiff's claim against WTF as the owner of J.J. Shakers. Plaintiff's claim against defendant Rolland survived summary disposition, but the proceedings were stayed pending resolution of this appeal. Hereinafter, only WTF will be referred to as "defendant."

600.2967, precludes plaintiff, a safety officer,[2] from recovery under the dramshop act when he was injured by the allegedly intoxicated person who was served alcohol by defendant. This issue raises a question of first impression.

Before the Legislature enacted the statutory "firefighters' rule" pursuant to 1998 PA 389, Michigan recognized the common-law "fireman's rule," which precluded a firefighter or police officer from recovering damages from a private party for negligence that required the safety officer's assistance at the scene. See *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347, 367-368; 415 NW2d 178 (1987). The common-law fireman's rule generally waived the duty of care that third parties owe safety officers. *Roberts v Vaughn*, 459 Mich 282, 285; 587 NW2d 249 (1998). Michigan courts recognized the existence of several exceptions to the common-law fireman's rule, for example, when a safety officer alleged wrongdoing that rose to the level of wilful, wanton, or intentional misconduct, or when the alleged wrongdoing occurred after the safety officer had been called to the scene and was independent of the reason that the safety officer was called to the scene. See *Harris-Fields v Syze*, 461 Mich 188, 191-192; 600 NW2d 611 (1999). Under the common-law fireman's rule, actions by a safety officer under the dramshop act were precluded unless one of the common-law exceptions applied. See *McCaw v T & L Operations, Inc (On Second Remand)*, 242 Mich App 336, 340-341; 619 NW2d 420 (2000).

---

[2] Following the examples of *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347; 415 NW2d 178 (1987), *Harris-Fields v Syze*, 461 Mich 188; 600 NW2d 611 (1999), and *McCaw v T & L Operations, Inc (On Second Remand)*, 242 Mich App 336; 619 NW2d 420 (2000), the term "safety officer," as it is used in this opinion, applies to both firefighters and police officers.

The Legislature abolished the common-law fireman's rule, however, when it enacted 1998 PA 389. The statute replaced the common-law rule with a statutory scheme that generally incorporated the common-law exceptions, but expanded the circumstances under which a safety officer could recover for damages sustained while on duty beyond the narrow, common-law rule. See MCL 600.2965 to 600.2967. MCL 600.2967 provides, in pertinent part:

(1) Except as provided in section 2966, a firefighter or police officer who seeks to recover damages for injury or death arising from the normal, inherent, and foreseeable risks of his or her profession while acting in his or her official capacity must prove that 1 or more of the following circumstances are present:

(a) An injury or resulting death that is a basis for the cause of action was caused by a person's conduct and that conduct is 1 or more of the following:

(*i*) Grossly negligent.

(*ii*) Wanton.

(*iii*) Willful.

(*iv*) Intentional.

(*v*) Conduct that results in a conviction, guilty plea, or plea of no contest to a crime under state or federal law, or a local criminal ordinance that substantially corresponds to a crime under state law.

* * *

(c) An injury or resulting death that is a basis for the cause of action was caused by a person's ordinary negligence and all of the following are true:

(*i*) The negligent person is not someone whose act or omission resulted in the firefighter's or police officer's presence at the place where the injury occurred; or the person is someone whose act or omission resulted in the firefighter's or police officer's presence at the place where

the injury occurred and the action is based on an act by that person that occurred after the firefighter or police officer arrived at the place where the injury occurred.

(*ii*) The negligent person is not someone from whom the firefighter or police officer had sought or obtained assistance or is not an owner or tenant of the property from where the firefighter or police officer sought or obtained assistance.

(*iii*) The negligent person is not someone who is an owner or tenant of the property that the firefighter or police officer was on in his or her official capacity; or the person is someone who is an owner or tenant of the property that the firefighter or police officer was on in his or her official capacity and the action is based on an act by that person that occurred after the firefighter or police officer arrived at the place where the injury occurred.

(*iv*) The firefighter or police officer was engaged in 1 or more of the following:

(A) Operating, or riding in or on, a motor vehicle that is being operated in conformity with the laws applicable to the general public.

(B) An act involving the legally required or authorized duties of the profession that did not substantially increase the likelihood of the resulting death or injury. The court shall not consider the firefighter or police officer to have been engaged in an act that substantially increased the likelihood of death or injury if the injury occurred within a highway right-of-way, if there was emergency lighting activated at the scene, and if the firefighter or police officer was engaged in emergency medical services, accessing a fire hydrant, traffic control, motorist assistance, or a traffic stop for a possible violation of law.

(2) This section shall not be construed to affect a right, remedy, procedure, or limitation of action that is otherwise provided by statute or common law.

In sum, subsection 1 permits a safety officer to recover damages for injuries arising from the "normal, inherent, and foreseeable risks" of the safety professions,

provided the injuries arise from a person's grossly negligent, wanton, wilful, or intentional conduct (subsection 1[a]), or from ordinary negligence, as long as other enumerated conditions are satisfied (subsection 1[c]).[3]

At issue is how subsection 2 affects plaintiff's right to sue under the dramshop act where defendant called plaintiff to the scene to subdue an allegedly intoxicated person and where the intoxicated person injured plaintiff in the course of resisting arrest. Defendant argues that plaintiff's claim does not fall within subsection 1(c)(*i*), because it was defendant's act in calling the police that resulted in plaintiff's presence at the location where the injury occurred and because the injury was not independent of defendant's actions in serving alcohol and calling the police. Plaintiff argues that, because a dramshop action is a statutory action and not a common-law negligence action, it is preserved under subsection 2, notwithstanding the limitations set forth in subsection 1. The trial court agreed with defendant that plaintiff's interpretation of the statute is erroneous because it would cause subsection 2 to "swallow" subsection 1.

## II. STANDARD OF REVIEW

Whether the statutory firefighters' rule precludes plaintiff's dramshop action is a question of statutory interpretation. In reviewing a statute, this Court examines the language of the statute to determine whether ambiguity exists. *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 538; 565 NW2d 828 (1997).

---

[3] Subsection 1(b) permits recovery under product liability theories under certain circumstances, but that provision is not relevant to this case. Subsection 3 defines the terms "grossly negligent," "person," and "product liability action."

If the language is unambiguous, judicial construction is precluded and the statute is enforced as written. *Id.* If the statute is ambiguous, this Court's goal is to effectuate the Legislature's intent through a reasonable construction, considering the purpose of the statute and the object sought to be accomplished. *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 496; 686 NW2d 770 (2004). Provisions of a statute that could be in conflict must, if possible, be read harmoniously. *Nowell v Titan Ins Co*, 466 Mich 478, 482; 648 NW2d 157 (2002). In reviewing a statute's language, every word should be given meaning, and this Court should avoid a construction that would render any part of the statute surplusage or nugatory. *Bageris v Brandon Twp*, 264 Mich App 156, 162; 691 NW2d 459 (2004).

### III. ANALYSIS

We agree with plaintiff's interpretation of MCL 600.2967. Subsection 2 states, "This section shall not be construed to affect a right, remedy, procedure, or limitation of action that is *otherwise* provided by statute or common law." (Emphasis added.) The plain, unambiguous language of the statute states that it does not affect rights and remedies available under other statutes or the common law. In plaintiff's situation, this means that the limitations prescribed in subsection 1 with respect to negligence and intentional tort actions do not affect plaintiff's statutory dramshop action, because that is an action "*otherwise* provided by statute." The word "otherwise" establishes a demarcation between the causes of action covered by subsection 1—which specifically lists causes of action based on gross negligence, intentional conduct, crimes, product liability, and ordinary negligence—and all other causes of action arising under statutory or common law.

This interpretation harmonizes subsections 1 and 2. Subsection 1(a) sets the parameters where the "basis for the cause of action" arises out of a person's grossly negligent, wanton, willful, or intentional conduct, or a crime; subsection 1(b) sets the parameters where "the cause of action is a product liability action"; and subsection 1(c) sets the parameters where "the cause of action was caused by a person's ordinary negligence." Subsection 2 exempts all other statutory and common law causes of action from these limitations. "The dramshop act is the legislatively-created exclusive remedy for injuries arising out of unlawful sales of intoxicating beverages by licensed retailers, and the cause of action is not based on negligence." *Dahn v Sheets*, 104 Mich App 584, 593; 305 NW2d 547 (1981). Thus, an action under the dramshop act falls outside the parameters of subsection 1 and is preserved by subsection 2.

In contrast, defendant's interpretation of the statute disregards its plain language and creates discord between subsections 1 and 2. Defendant disregards the word "otherwise" in subsection 2, which delineates negligence, gross negligence, intentional tort, and product liability causes of action, covered by subsection 1, from all other causes of action arising under statutory or common law. Defendant claims that plaintiff's interpretation of subsection 2 "swallows" subsection 1, but, in fact, defendant's interpretation of the statute "swallows" subsection 2 and renders the "otherwise provided by statute or common law" language meaningless, contrary to basic principles of statutory construction. *Bageris, supra* at 162.

MCL 600.2967(2), however, does not define the terms "right" and "remedy," nor does it define "cause of action." " 'When terms are not expressly defined by statute, a court may consult dictionary definitions . . . . Words should be given their common, generally ac-

cepted meaning, if consistent with the legislative aim in enacting the statute.' " *People v Thomas*, 263 Mich App 70, 73; 687 NW2d 598 (2004), quoting *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002). " 'If it was the legislative intent that [a term] should have other than the natural meaning, it would have been a simple matter to have so provided.' " *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 570; 702 NW2d 539 (2005), quoting *Dahrooge v Rochester German Ins Co*, 177 Mich 442, 451; 143 NW 608 (1913).

In the common, generally accepted meaning, a "right" is "[a] power, privilege, or immunity secured to a person by law," and a "remedy" is "[t]he means of enforcing a right or preventing or redressing a wrong," including "legal or equitable relief." Black's Law Dictionary (8th ed). A "cause of action" is "a factual situation that entitles one person to obtain a remedy in court from another person." *Id*. Thus, according to the generally accepted meanings, a "right" and a "remedy" do not exist independently of a "cause of action" because one cannot enforce a right or obtain a remedy without first having a cause of action.[4] Neither the statutory language nor the generally accepted meaning of the terms "right," "remedy," or "cause of action" supports a reading of subsection 2 that would separate the concepts of "right" and "remedy" from "cause of action." Because subsection 2 excludes causes of action not limited by subsection 1, the trial court erred in ruling that plaintiff's dramshop action was precluded by the statutory firefighters' rule.

Although this statutory interpretation analysis resolves the issue, we will briefly address other arguments

---

[4] " 'It is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy.' " *Henry v Dow Chemical Co*, 473 Mich 63, 96-97; 701 NW2d 684 (2005), quoting *Wood v Wyeth-Ayerst Labs*, 82 SW3d 849, 855 (Ky, 2002).

raised by the parties on appeal. Both parties cite *McCaw*, *supra*, in support of their positions. In *McCaw*, three men, Williams, Morgan, and Smith, became intoxicated while drinking at a bar operated by the defendant. The three men returned to the Williams house, where Morgan and Smith became involved in an argument. Morgan stabbed Smith, and Williams called the police. When the plaintiff, a police officer, arrived at the house in response to that call, Williams assaulted the plaintiff. *Id.* at 338-339.

The plaintiff brought a dramshop action against the defendant, which argued that the firefighters' rule barred the claim and also that the plaintiff failed to show that the dramshop violation was a proximate cause of his injuries. *Id.* at 339. This Court held that the firefighters' rule did not bar the claim, explaining:

> In the present case, plaintiff was injured after he responded to a report of a stabbing and was attacked by Williams at the scene. Plaintiff's claim against defendant, however, is based on the allegation that defendant served alcohol to Williams when the latter was both underage and visibly intoxicated. In other words, defendant's alleged violation of the dramshop act was entirely independent of the situation that led to plaintiff's presence at the site of the injury. Pursuant to *Harris-Fields* [*v Syze*, 461 Mich 188; 600 NW2d 611 (1999)], because defendant's conduct was not the impetus for plaintiff's arrival at the scene, the fireman's rule does not apply. [*Id.* at 340.]

The Court noted that the case involved the common-law fireman's rule and, therefore, the future applicability of the decision would be limited in light of the legislative codification of the rule. *Id.* at 341. The Court noted, however, "that the result that we have reached is consistent with the new legislative enactment." *Id.*

Defendant argues that this case is distinguishable from *McCaw* because the dramshop defendants in *McCaw* did not summon the police and the dramshop defendants were not owners or tenants of the property

where the injury occurred. Therefore, the plaintiff police officer in *McCaw* actually *could* satisfy the requirements of § 2967(1)(c). Plaintiff, on the other hand, argues that *McCaw* shows that dramshop actions were permissible even under the common-law version of the firefighters' rule, because the intoxicated person's misfeasance in itself satisfies the independent negligence exception to the firefighters' rule.

Both of these arguments, however, miss the crucial point that under the statutory firefighters' rule, the independent negligence requirement applies only when a safety officer is seeking relief for ordinary negligence under subsection 1(c). Subsection 1(c)(*i*) imposes the condition that the negligent person either is not someone whose act or omission resulted in the safety officer's presence at the scene of the injury, or "the person is someone whose act or omission resulted in the firefighter's or police officer's presence at the place where the injury occurred *and the action is based on an act by that person that occurred after the firefighter or police officer arrived at the place where the injury occurred.*" (Emphasis added.) Plaintiff relies on *McCaw* to show that the incident with Rolland was independent of the circumstances that led to defendant's manager calling the police to the bar; defendant distinguishes *McCaw* from this case to show that there was no independent negligence. Under subsection 2, however, a dramshop action is a remedy "otherwise provided by statute," and, therefore, plaintiff is not required to satisfy the independent negligence requirements that would apply if plaintiff brought a common-law action for ordinary negligence and the negligent person were someone whose act or omission resulted in plaintiff's presence at the scene. Because the statutory firefighters' rule superseded the common-law rule that governed the controversy in *McCaw*, the independent negligence issue

that this Court addressed in *McCaw* is not dispositive, notwithstanding any factual similarities or differences between this case and *McCaw*.

Defendant also argues that public policy favors interpreting the statute to impose the restrictions set forth in subsection 1 on dramshop actions; otherwise, the fear of liability will discourage bar owners from calling the police to deal with unruly, drunken patrons. When interpreting a statute, however, "our function is not to redetermine the Legislature's choice or to independently assess what would be most fair or just or best public policy." *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 504; 638 NW2d 396 (2002). Rather, "[t]he wisdom of a statute is for the determination of the Legislature and the law must be enforced as written." *Shelby Charter Twp v Papesh*, 267 Mich App 92, 107; 704 NW2d 92 (2005). Furthermore, defendant fails to appreciate that the specter of liability to injured safety officers might actually serve as an incentive to avoid violating the dramshop act. As this Court's duty is to consider policy, rather than create it,[5] we are bound to uphold MCL 600.2967 as drafted by the Legislature.

## IV. CONCLUSION

Because plaintiff's dramshop action is a right or remedy "otherwise provided by statute," the trial court

---

[5] Our Supreme Court has repeatedly cautioned against the courts acting as policy making bodies:

"Our task, under the Constitution, is the important, but yet limited, duty to read and interpret what the Legislature has actually made the law. We have observed many times in the past that our Legislature is free to make policy choices that, especially in controversial matters, some observers will inevitably think unwise. This dispute over the wisdom of a law, however, cannot give warrant to a court to overrule the people's Legislature". [*Henry, supra* at 89 n 19, quoting *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 161; 680 NW2d 840 (2004).]

erroneously applied the firefighters' rule, MCL 600.2967, to bar plaintiff's claim under the dramshop act, MCL 436.1801.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

NEFF, P.J., concurred.

SMOLENSKI, J. I concur in the result only.