# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 22, 2016

v

No. 329383
Wayne Circuit Court
LC No. 15-002576-FH

KARLTON TERRY LEWIS,

Defendant-Appellant.

Before: JANSEN, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of operating a motor vehicle while intoxicated causing death, MCL 257.625(4)(a). We affirm.

On January 25, 2015, at about midnight, defendant was traveling westbound on McNichols in Detroit. He was driving at a speed of over 75 mph, although the posted speed limit was 35 mph, the pavement was wet, and he was intoxicated—having a blood alcohol content of 0.155. At about the same time, Janitta Simpson was traveling eastbound on McNichols and she was also intoxicated, having a blood alcohol content of 0.147. At about the intersection of Greenfield and McNichols, the crash occurred. There was evidence presented that Simpson may have been attempting to turn left from McNichols onto Greenfield or into a McDonald's parking lot at the same time that defendant was attempting to speed through a yellow light. Consequently, defendant's vehicle struck the passenger side of Simpson's vehicle—where Simpson's front seat passenger, Yvette Brown, was sitting. Brown died from her injuries.

Both defendant and Simpson were charged with operating a motor vehicle while intoxicated causing death, MCL 257.625(4)(a). Defendant was convicted on the charge, but Simpson was acquitted of that charge; instead, she was found guilty of operating a motor vehicle while intoxicated. The court concluded that, while Simpson was intoxicated, her act of turning her vehicle "at that particular point was what would be considered based on all of the evidence presented ordinary negligence on her part." And Simpson's ordinary negligence was insufficient to be considered an intervening cause that superseded defendant's conduct so as to relieve defendant from being considered the proximate cause of Brown's death. That is, Simpson's act did not constitute gross negligence; thus, defendant remained responsible for Brown's death.

On appeal, defendant argues that his actions were not a proximate cause of Brown's death and the trial court's conclusion that Simpson's act of swerving into the path of his

-1-

oncoming vehicle was not a superseding cause which broke the causal chain "was against the great weight of the evidence." We disagree.

The determinations of proximate cause and whether an intervening cause exists are generally factual issues for the trier of fact. *People v Feezel*, 486 Mich 184, 195; 783 NW2d 67 (2010) (opinion by CAVANAGH, J); *People v Clark*, 171 Mich App 656, 659; 431 NW2d 88 (1988). This was a bench trial and the trial court's factual findings in a bench trial are reviewed for clear error. *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2007). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). To determine whether the verdict in a bench trial is against the great weight of the evidence, we consider "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001).

As explained by our Supreme Court in *People v Schaefer*, 473 Mich 418, 434; 703 NW2d 774 (2005), to prove the offense of operating a motor vehicle while intoxicated causing death, MCL 257.625(4)(a), the prosecution had to establish that: "(1) the defendant was operating his or her motor vehicle in violation of MCL 257.625(1), (3), or (8); (2) the defendant voluntarily decided to drive, knowing that he or she had consumed an intoxicating agent and might be intoxicated; and (3) the defendant's operation of the motor vehicle caused the victim's death."

The first element of the offense of operating a motor vehicle while intoxicated causing death relates to a defendant's status as "intoxicated" and is "used to identify the class of persons subject to liability under §625(4)." *Id*. at 433. The second element relates to the mens rea of the offense. MCL 257.625(4) is not a strict liability offense because it requires proof of a culpable mental state—"that the defendant purposefully drove while intoxicated or, in other words, that he had the general intent to perform the wrongful act." *People v Lardie*, 452 Mich 231, 256; 551 NW2d 656 (1996), overruled in part on other grounds by *Schaefer*, 473 Mich at 433. That is, the mens rea of gross negligence is presumed when the defendant "acted knowingly in consuming intoxicating liquor or a controlled substance, and acted voluntarily in deciding to drive after such consumption." *Lardie*, 452 Mich at 256.

At issue in this case, however, is the third element—whether the trial court properly concluded that defendant's operation of his motor vehicle caused Brown's death. "While a defendant's status as 'intoxicated' is certainly an element of the offense of OUIL causing death, it is not a component of the *causation* element of the offense." *Schaefer*, 473 Mich at 431. It is defendant's *operation* of his vehicle that must have caused Brown's death, not his intoxication. *Id*. "The plain text of § 625(4) requires no causal link between the defendant's intoxication and the victim's death." *Id*.

To establish causation under MCL 257.625(4), both factual cause and proximate cause must be proved. *Id*. at 435. Factual causation is proved if "but for" the defendant's conduct, the death would not have occurred. *Id*. at 435-436. Proximate causation "is a legal construct

designed to prevent criminal liability from attaching when the result of the defendant's conduct is viewed as too remote or unnatural." *Id*. at 436 (footnote omitted).

> For a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a direct and natural result of the defendant's actions. In making this determination, it is necessary to examine whether there was an intervening cause that superseded the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken. If an intervening cause did indeed *supersede* the defendant's act as a legally significant causal factor, then the defendant's conduct will not be deemed a proximate cause of the victim's injury. [*Id*. at 436-437 (quotation marks and footnotes omitted).]

Whether a superseding cause exists so as to sever criminal liability rests on whether the intervening cause was reasonably foreseeable. *Id*. at 437. Ordinary negligence by the victim or a third party is reasonably foreseeable, and thus will not break the causal chain as a superseding cause so as to sever criminal liability. *Feezel*, 486 Mich at 195. "In contrast, gross negligence or intentional misconduct on the part of the victim [or a third party] is considered sufficient to break the causal chain between the defendant and the victim because it is not reasonably foreseeable." *Id*. (citation and quotation marks omitted); see also *Schaefer*, 473 Mich at 437-438. "The linchpin in the superseding cause analysis, therefore, is whether the intervening cause was foreseeable based on an objective standard of reasonableness." *Schaefer*, 473 Mich at 437. If "the intervening act by the victim or a third party was not reasonably foreseeable—e.g., *gross negligence or intentional misconduct*—then generally the causal link is severed and the defendant's conduct is not regarded as a proximate cause of the victim's injury or death." *Id*. at 437-438.

Here, defendant does not contest that his speeding "was part of the cause-in-fact chain of events," but denies that he was a proximate cause of Brown's death because he had the right-of-way and he could not have foreseen that a drunk driver would turn or swerve into oncoming traffic. Thus, Brown's death was not a "direct and natural result" of the operation of his vehicle; rather, it was Simpson's grossly negligent operation of her vehicle that was a superseding cause which severed the causal link between his conduct and Brown's death. Accordingly, defendant argues, the trial court's determination that he was a proximate cause of Brown's death was erroneous and the verdict against the great weight of the evidence. After review of the record evidence, we conclude that the trial court's findings—that defendant was a proximate cause of Brown's death and Simpson was not—were not clearly erroneous, and that the evidence does not preponderate so heavily against the trial court's verdict that it would be a miscarriage of justice to allow it to stand. See *Lanzo Constr Co*, 272 Mich App at 473; *McCray*, 245 Mich App at 637.

In brief, the evidence included that defendant was traveling at a speed of 78 mph one second before the crash, and at 75 mph a half of a second before the crash, after he applied the brakes. The posted speed limit was 35 mph and the roads were wet. An accident reconstruction expert testified that he viewed two surveillance videos of the collision. He noted that the traffic light at the nearby intersection had changed from green to amber and had been amber for about one and one-half seconds before defendant's vehicle came into view "accelerating through the intersection." The expert also noted that when Simpson's vehicle was viewed, its brake lights were activated and her "vehicle was slowing as it moves to the left." The expert testified that

Simpson's vehicle was not speeding or being driven in an erratic manner and "appears to be slowing down at a fairly constant rate up until the time of impact." The expert opined that the cause of the accident was the speed of defendant's approaching vehicle and Simpson's inability to distinguish between 35 mph and 75 mph before completing her left turn. That is, Simpson could not judge the closing speed of defendant's vehicle which resulted in an error in judgment and mistaken belief that she had more time to complete her left turn than actually existed. The expert noted that it is much easier to judge speed in the daylight hours than at night due to various factors, such as visibility, road and headlight glare, and the ability to see points of reference. And in this case, considering defendant's excessive speed, his vehicle traveled the distance in half the expected time and Simpson would not have had the ability to know or judge defendant's inbound speed.

In rendering its decision, the court noted defendant's state of intoxication, his excessive speed, and the fact that he drove through a yellow light before the collision. With regard to the issue of causation, the trial court held that, but for defendant operating his vehicle as he did, there would not have been either the accident or the death. And, the court concluded, Brown's death was a direct and natural result of defendant's operation of the vehicle; Simpson's left turn at the particular point in time constituted ordinary negligence, not gross negligence. Defendant disagrees with the trial court, arguing that Simpson's act of swerving or turning in front of his oncoming vehicle was grossly negligent.

In *Schaefer*, our Supreme Court explained: "In criminal law, gross negligence is not merely an elevated or enhanced form or ordinary negligence[,]" but instead amounts to "wantonness and disregard of the consequences which may ensue . . . ." *Schaefer*, 473 Mich at 438 (citation, quotation marks, and footnote omitted). And "wantonness" is "[c]onduct indicating that the actor is aware of the risks but indifferent to the results and usually suggests a greater degree of culpability than recklessness[.]" *Feezel*, 486 Mich at 196 (citation and quotation marks omitted). It is clear from the trial court's holding that it accorded significant weight to the unrebutted testimony of the accident reconstruction expert. The accident reconstruction expert testified that Simpson was operating her vehicle in a normal manner immediately before the collision and, in light of the conditions, reasonably believed that she had sufficient time to complete her left turn. In other words, Simpson was unable to know that defendant was traveling over twice the speed limit and would cross the distance between them in half the expected time. Again, this "Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Williams*, 268 Mich App at 419. Further, there was no evidence that Simpson acted with "wantonness and disregard of the consequences which may ensue" when she attempted her left turn. See *Schaefer*, 473 Mich at 438. Thus, the trial court did not reversibly err when it concluded that, under the circumstances of this case, Simpson's failure to correctly judge the speed of defendant's oncoming vehicle before attempting to complete a turn, i.e., the "intervening cause," was "foreseeable based on an objective standard of reasonableness." *Schaefer*, 473 Mich at 437.

Accordingly, defendant has failed to establish that the trial court's factual findings—that defendant's conduct was a proximate cause of Brown's death and Simpson's act was not an intervening cause that superseded defendant's conduct and broke the causal link between his

conduct and Brown's death—were clearly erroneous and that the verdict was against the great weight of the evidence.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra